UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JACOB SCHONBERG, BINYOMIN SCHONBERG, BINYOMIN HALPERN AND
RAPHAEL BAROUCH ELKAIM, et al,

        *Plaintiffs*,

        -against-

YECHEZKEL STRULOVICH a/k/a CHASKIEL STRULOVITCH, YECHIEL
OBERLANDER a/k/a MICI OBERLANDER a/k/a MIHAY OBERLANDER, et al

        *Defendants*.

     Case No: 17-cv-2161
     (CBA)(RML)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>DECLARATION OF YECHEZKEL STRULOVITCH</u>

Yechezkel Strulovitch declares, under the penalty of perjury pursuant to 28 U.S.C. §
1746, the following:

1.     I am a named Defendant in the above captioned action and I am a Managing
Member of co-Defendants CSRE LLC, CS Construction Group LLC, Good Living Management
LLC, 908 Bergen Street LLC, 901 Bushwick Avenue LLC, 106 Kingston LLC, 1213 Jefferson
LLC, Gates Equity Holdings LLC, 1078 Dekalb LLC, 618 Lafayette LLC, 74 Van Buren LLC,
762 Willoughby LLC, 454 Central Avenue LLC, 855 Dekalb Avenue LLC, 720 Livonia
Development LLC, 853 Lexington LLC, 657-665 5th Avenue LLC, Willoughby Estates LLC, 73
Empire Development LLC, 980 Atlantic Holdings LLC, 325 Franklin LLC, 945 Park Pl LLC,
1301 Putnam LLC, 348 St. Nicholas LLC, CSY Holdings LLC, APC Holding 1 LLC, 53
Stanhope LLC, The Howard Day House LLC, 55 Stanhope LLC, 599-601 Willoughby LLC, 1217
Bedford LLC, 1266 Pacific LLC, Fulton Street Holdings LLC, 167 Hart LLC, 741 Lexington
LLC, 296 Cooper LLC, and CS YH Condos LLC (collectively, the "Defendants").  I am fully
familiar with the allegations set forth in Plaintiffs' Second Amended Complaint and the alleged

facts set forth therein.  This declaration is based upon my personal knowledge, unless stated otherwise.  I am competent to testify to the facts set forth herein.

2.      I submit this Declaration in further support of Defendants' motion, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 9(b), 23.1, and 41(b), and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to: (i) dismiss the First and Second Amended Complaint; (ii) compel arbitration, if the Court deems it necessary; (iii) transfer this action to Kings County Supreme Court, if the Court deems it necessary; (iv) cancel the notices of pendency attached to certain parcels of real property owned by certain of the Defendants; and (v) for such other and further relief as this Court deems appropriate.

3.      Annexed hereto as **Exhibit 1** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Yaakov Ben-Shimon.

4.      Annexed hereto as **Exhibit 2** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Elyashiv Menahem Weil.

5.      Annexed hereto as **Exhibit 3** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Itamar Shaya.

6.      Annexed hereto as **Exhibit 4** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Shimon Shenker.

7.      Annexed hereto as **Exhibit 5** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Shimon Asulin.

8.       Annexed hereto as **<u>Exhibit 6</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of CSY Holdings LLC, acknowledged by Plaintiff Yaakov Wizman.

9.       Annexed hereto as **<u>Exhibit 7</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 73 Empire Development LLC, acknowledged by Plaintiff Pinchas Grosskopf.

10.      Annexed hereto as **<u>Exhibit 8</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 73 Empire Development LLC, acknowledged by Plaintiff Michael Muller.

11.      Annexed hereto as **<u>Exhibit 9</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 73 Empire Development LLC, acknowledged by Plaintiff Raphael Barouch Elkaim.

12.      Annexed hereto as **<u>Exhibit 10</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 73 Empire Development LLC, acknowledged by Plaintiff Itamar Shaya.

13.      Annexed hereto as **<u>Exhibit 11</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 74 Van Buren LLC, acknowledged by Plaintiff David Schonfeld.

14.      Annexed hereto as **<u>Exhibit 12</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 74 Van Buren LLC, acknowledged by Plaintiff Morris Karmel.

15.      Annexed hereto as **<u>Exhibit 13</u>** is a true and correct copy of the Limited Liability Company Operating Agreement of 325 Franklin LLC, acknowledged by Plaintiff Nathan Gross.

16.      Annexed hereto as **Exhibit 14** is a true and correct copy of the Limited Liability Company Operating Agreement of 325 Franklin LLC, acknowledged by Plaintiff Bertha Sara Schonberg.

17.      Annexed hereto as **Exhibit 15** is a true and correct copy of the Limited Liability Company Operating Agreement of 325 Franklin LLC, acknowledged by Plaintiff Jacob Schonberg.

18.      Annexed hereto as **Exhibit 16** is a true and correct copy of the Limited Liability Company Operating Agreement of 348 St. Nicholas LLC, acknowledged by Plaintiff Benjamin Schonberg.

19.      Annexed hereto as **Exhibit 17** is a true and correct copy of the Limited Liability Company Operating Agreement of 348 St. Nicholas LLC, acknowledged by Plaintiff Binyomin Mordechai Halpern.

20.      Annexed hereto as **Exhibit 18** is a true and correct copy of the Limited Liability Company Operating Agreement of Gates Equity Holdings LLC, acknowledged by Plaintiff Bertha Sara Schonberg.

21.      Annexed hereto as **Exhibit 19** is a true and correct copy of the Limited Liability Company Operating Agreement of Gates Equity Holdings LLC, acknowledged by Plaintiff Jacob Schonberg.

22.      Annexed hereto as **Exhibit 20** is a true and correct copy of the Limited Liability Company Operating Agreement of 454 Central Avenue LLC, acknowledged by Plaintiff Irving Grossman.

23.     Annexed hereto as **Exhibit 21** is a true and correct copy of the Limited Liability Company Operating Agreement of 618 Lafayette LLC, acknowledged by Plaintiff Bertha Sara Schonberg.

24.     Annexed hereto as **Exhibit 22** is a true and correct copy of the Limited Liability Company Operating Agreement of 618 Lafayette LLC, acknowledged by Plaintiff Jacob Schonberg.

25.     Annexed hereto as **Exhibit 23** is a true and correct copy of the Limited Liability Company Operating Agreement of 618 Lafayette LLC, acknowledged by Plaintiff Michael Muller.

26.     Annexed hereto as **Exhibit 24** is a true and correct copy of the Limited Liability Company Operating Agreement of 618 Lafayette LLC, acknowledged by Plaintiff Chaja Chava Zwiebel.

27.     Annexed hereto as **Exhibit 25** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Abraham Paskas.

28.     Annexed hereto as **Exhibit 26** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiffs Avraham Ben-Zimra and Rachel Ben-Zimra.

29.     Annexed hereto as **Exhibit 27** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Isaac Eklaim.

30.     Annexed hereto as **Exhibit 28** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiffs Mordechai Yaakov Meyer and Sara Meyer.

31.     Annexed hereto as **Exhibit 29** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Pinchas Dov Neufeld.

32.     Annexed hereto as **Exhibit 30** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Raphael Barouch Elkaim.

33.     Annexed hereto as **Exhibit 31** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Yossef Shtern.

34.     Annexed hereto as **Exhibit 32** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiff Yechiel Ben-David.

35.     Annexed hereto as **Exhibit 33** is a true and correct copy of the Limited Liability Company Operating Agreement of 657-665 5th Avenue LLC, acknowledged by Plaintiffs Simha Maimon and Yosef Maimon.

36.     Annexed hereto as **Exhibit 34** is a true and correct copy of the Limited Liability Company Operating Agreement of 720 Livonia Development LLC, acknowledged by Plaintiff Nathan Gross.

37.     Annexed hereto as **Exhibit 35** is a true and correct copy of the Limited Liability Company Operating Agreement of 853 Lexington LLC, acknowledged by Plaintiff David Dov Ernster.

38.     Annexed hereto as **Exhibit 36** is a true and correct copy of the Limited Liability Company Operating Agreement of 908 Bergen Street LLC, acknowledged by Plaintiff Nathan Gross.

39.     Annexed hereto as **Exhibit 37** is a true and correct copy of the Limited Liability Company Operating Agreement of 945 Park Pl LLC, acknowledged by Plaintiff Bertha Sara Schonberg.

40.     Annexed hereto as **Exhibit 38** is a true and correct copy of the Limited Liability Company Operating Agreement of 945 Park Pl LLC, acknowledged by Plaintiff Jacob Schonberg.

41.     Annexed hereto as **Exhibit 39** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Clara Grossman.

42.     Annexed hereto as **Exhibit 40** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Nathan Gross.

43.     Annexed hereto as **Exhibit 41** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Pinchas Grosskopf.

44.     Annexed hereto as **Exhibit 42** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Oved Levi.

45.      Annexed hereto as **Exhibit 43** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Itamar Shaya.

46.      Annexed hereto as **Exhibit 44** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Shimon Shenker.

47.      Annexed hereto as **Exhibit 45** is a true and correct copy of the Limited Liability Company Operating Agreement of 980 Atlantic Holdings LLC, acknowledged by Plaintiff Yaakov Ben-Shimon.

48.      Annexed hereto as **Exhibit 46** is a true and correct copy of the Limited Liability Company Operating Agreement of 1078 Dekalb LLC, acknowledged by Plaintiff Bertha Sara Schonberg.

49.      Annexed hereto as **Exhibit 47** is a true and correct copy of the Limited Liability Company Operating Agreement of 1078 Dekalb LLC, acknowledged by Plaintiff Jacob Schonberg.

50.      Annexed hereto as **Exhibit 48** is a true and correct copy of the Limited Liability Company Operating Agreement of 1078 Dekalb LLC, acknowledged by Plaintiff Chaja Chava Zwiebel.

51.      Annexed hereto as **Exhibit 49** is a true and correct copy of the Limited Liability Company Operating Agreement of 1078 Dekalb LLC, acknowledged by Plaintiff Michael Muller.

52.      Annexed hereto as **Exhibit 50** is a true and correct copy of the Limited Liability Company Operating Agreement of 1213 Jefferson LLC, acknowledged by Plaintiff Jacob Schonberg.

53.     Annexed hereto as **Exhibit 51** is a true and correct copy of the Limited Liability Company Operating Agreement of 1301 Putnam LLC, acknowledged by Plaintiff Nathan Gross.

54.     Annexed hereto as **Exhibit 52** is a true and correct copy of the Limited Liability Company Operating Agreement of 106 Kingston LLC.

55.     Annexed hereto as **Exhibit 53** is a true and correct copy of the Limited Liability Company Operating Agreement of Willoughby Estates LLC.

56.     Annexed hereto as **Exhibit 54** is a true and correct copy of the Limited Liability Company Operating Agreement of 762 Willoughby LLC.

57.     Annexed hereto as **Exhibit 55** is a true and correct copy of the Limited Liability Company Operating Agreement of 855 Dekalb Avenue LLC.

58.     Annexed hereto as **Exhibit 56** is a true and correct copy of the Limited Liability Company Operating Agreement of 901 Bushwick Avenue LLC.

59.     Annexed hereto as **Exhibit 57** is a true and correct copy of the Summons filed in this Action.

60.     Annexed hereto as **Exhibit 58** is a true and correct copy of the deed for 908 Bergen Street, Brooklyn, NY from Bergen 908 Corp. to 908 Bergen Street LLC.

61.     Annexed hereto as **Exhibit 59** is a true and correct copy of the deed for 853 Lexington Avenue, Brooklyn, NY from 853 Lexington Realty Management LLC to 853 Lexington LLC.

62.     Annexed hereto as **Exhibit 60** is a true and correct copy of the deed for 74 Van Buren Street, Brooklyn, NY from Rufus Spivey to 74 Van Buren LLC.

63.     Annexed hereto as **Exhibit 61** is a true and correct copy of the deed for 760-762 Willoughby Avenue, Brooklyn, NY from Nicholas T. Todaro to 762 Willoughby LLC.

64.     Annexed hereto as **Exhibit 62** is a true and correct copy of the deed for 454 Central Avenue, Brooklyn, NY from PGM Holdings Inc. to 454 Central Avenue LLC.

65.     Annexed hereto as **Exhibit 63** is a true and correct copy of the deed for 855 Dekalb Avenue, Brooklyn, NY from Karen Y Irias to 855 Dekalb Avenue LLC.

66.     Annexed hereto as **Exhibit 64** is a true and correct copy of the deed for 525 Willoughby Avenue, Brooklyn, NY from Victor Shannon to Willoughby Estates LLC.

67.     Annexed hereto as **Exhibit 65** is a true and correct copy of the lease agreement between MDL Equipment Corp. and 73 Empire Development LLC.

68.     Annexed hereto as **Exhibit 66** is a true and correct copy of the lease agreement between BLDG Oceanside LLC and 980 Atlantic Holdings LLC.

69.     Annexed hereto as **Exhibit 67** is a true and correct copy of the deed for 665A 5th Avenue, Brooklyn, NY from 657 5th Ave., LLC to 657-665 5th Avenue LLC.

70.     Annexed hereto as **Exhibit 68** is a true and correct copy of the deed for 720 Livonia Avenue, Brooklyn, NY from Melro Company to 720 Livonia Development LLC.

71.     Annexed hereto as **Exhibit 69** is a true and correct copy of the Entity Information Sheet for each of the Plaintiff Limited Liability Companies found on the New York State Department of State, Division of Corporations website.

72.     Annexed hereto as **Exhibit 70** is a true and correct copy of the deed for 1173 Bergen Street, Brooklyn, NY from Melro Company to CSN Partners LP.

73.     Annexed hereto as **Exhibit 71** is a true and correct copy of the deed for 196 Albany Avenue, Brooklyn, NY from Melro Company to 196 Albany Holdings LP.

Dated: New York, New York
       July 26, 2017

Yechezkel Strulovitch

- 10 -