UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JACOB SCHONBERG, BINYOMIN SCHONBERG, BINYOMIN HALPERN AND
RAPHAEL BAROUCH ELKAIM, INDIVIDUALLY AND DERIVATIVELY ON
BEHALF OF BUSHWICK OPERATIONS LLC, KINGSTON OPERATIONS LLC,
JEFFERSON OPERATIONS LLC, 369 GATES OPERATIONS LLC, 1078 DEKALB
OPERATIONS LLC, 618 LAFAYETTE OPERATIONS LLC, 74 VAN BUREN
OPERATIONS LLC, 760 WILLOUGHBY OPERATIONS LLC, 454 CENTRAL
AVENUE OPERATIONS LLC, 855 DEKALB AVENUE OPERATIONS LLC, 720
LIVONIA OPERATIONS LLC, SLOPE EQUITIES OPERATIONS LLC, WILLOUGHBY
ESTATES OPERATIONS LLC, 73 EMPIRE DEVELOPMENT OPERATIONS LLC, 980
ATLANTIC HOLDINGS OPERATIONS LLC, 325 FRANKLIN OPERATIONS LLC, 8
MAPLE AVENUE OPERATIONS LLC 853 LEXINGTON OPERATIONS LLC, 348 ST.
NICHOLAS OPERATIONS LLC, 1301 PUTNAM OPERATIONS LLC AND 945 ARK
PLACE OPERATIONS LLC,

                    *Plaintiffs*,

                    -against-

YECHEZKEL STRULOVICH a/k/a CHASKIEL STRULOVITCH, YECHIEL
OBERLANDER a/k/a MICI OBERLANDER a/k/a MIHAY OBERLANDER, CSRE LLC,
CS CONSTRUCTION GROUP LLC, GOOD LIVING MANAGEMENT LLC, 908
BERGEN STREET LLC, 901 BUSHWICK AVENUE LLC, 106 KINGSTON LLC, 1213
JEFFERSON LLC, GATES EQUITY HOLDINGS LLC, 1078 DEKALB LLC, 618
LAFAYETTE LLC, 74 VAN BUREN LLC, 762 WILLOUGHBY LLC, 454 CENTRAL
AVENUE LLC, 855 DEKALB AVENUE LLC, 720 LIVONIA DEVELOPMENT LLC,
853 LEXINGTON LLC, 657-665 5th AVENUE LLC, WILLOUGHBY ESTATES LLC, 73
EMPIRE DEVELOPMENT LLC, 980 ATLANTIC HOLDINGS LLC, 325 FRANKLIN
LLC, 945 PARK PL LLC, 1301 PUTNAM LLC, 348 ST. NICHOLAS LLC, APC
HOLDING 1 LLC, CSY HOLDINGS LLC, FIRST AVENUE REALTY HOLDINGS L.P.,
53 STANHOPE LLC, 1125-1133 GREENE AVE LLC, 834 METROPOLITAN AVENUE
LLC, 92 SOUTH 4TH STREET, LLC, THE HOWARD DAY HOUSE LLC, 55
STANHOPE LLC, 599- 601 WILLOUGHBY LLC, 1217 BEDFORD LLC, 1266 PACIFIC
LLC, CSN PARTNERS L.P., 196 ALBANY HOLDINGS L.P, FULTON STREET
HOLDNGS LLC, 100 JEFFERSON REALTY LLC, 167 HART LLC, 741 LEXINGTON
LLC, 296 COOPER LLC, 400 SOUTH 2ND STREET HOLDINGS L P., 41-49 SPENCER
LLC, CS YH CONDOS LLC, GOLD CLIFF LLC, MYRTLINO HOLDINGS, LLC,
WILLTROUT REALTY LLC, SLOPE OFFICES LLC, STAGG STUDIOS LLC, AND
JOHN DOES 1-10 AND XYZ CORPS. 1-10 SUCH INDIVIDUALS OR ENTITIES
BEING UNKNOWN ENTITIES PRESENTLY IN CONTRACT TO ACQUIRE THE
PARCELS OF REAL PROPERTY LOCATED AT 618 LAFAYETTE AVENUE, 1018
DEKALB AVENUE, 853 LEXINGTON AVENUE AND 657-665A FIFTH AVENUE,

                    *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No: 17-cv-2161
(CBA)(RML)

ORAL ARGUMENT
REQUESTED

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE NOTICES OF
## PENDENCY AND TO DISMISS THE AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

I.          PRELIMINARY STATEMENT ...................................................................... 1

II.         THE ALLEGATIONS OF THE AMENDED COMPLAINT ............................. 4

    A.     The Amended Complaint Lacks Factual Allegations Against Moving
        Defendants….. .......................................................................................... 4

    B.     The Plaintiffs Commence This Action And File Notices Of Pendency ............... 5

    C.     Other Factual Averments

III.        ARGUMENT ................................................................................................ 7

    A.     The Fourth Cause of Action for Constructive Trust and Seventh Cause of Action
        for Unjust Enrichment Must be Dismissed .......................................................... 7

        1.     Legal standard ..................................................................................... 7

        2.     Written Contract Preclude Constructive Trust and Unjust Enrichment
            Claims………………………………………………………………7

        3.     No Factual Averments Support Claims Against the Moving Defendants..8

        4.     None of the Required Elements Are Plead……………………………8

    B.     The Notices of Pendency Must Be Vacated ...................................................... 10

        1.     Notices of pendency are an extraordinary remedy and the statute
            is strictly applied ................................................................................ 10

        2.     *Lis Pendens* does not apply to Actions like this one
            where Plaintiffs are claiming an interest in an LLC ............................... 11

        3.     The Constructive Trust claim is not a basis for attaching
            NOPs to the Schedule B Properties ...................................................... 14

        4.     The Court Should Award Defendants Their Costs And
            Expenses Incurred As A Result Of The Filing Of The NOPS ................ 15

        5.     If The Court Does Not Vacate The NOPs, The Court Should Order
            Plaintiffs To Provide An Undertaking ................................................... 15

i

C.     The Action Should Be Dismissed Or Minimally Stayed As To Moving
       Defendants Because The Court Does Not Have Subject Matter Jurisdiction
       Because Arbitration Provisions Govern This Dispute...........................16

D.     The Causes Of Action Against the Primary Defendants on Which The Secondary
       Claims Against the Schedule B Defendants Rely Are Facially Defective.....17

       1.     The Amended Complaint is not verified and therefore all derivative claims
              must be dismissed.........................................................17

       2.     Plaintiffs Improperly Conflate Derivative And Direct Claims..........17

       3.     The Individual Plaintiffs Are Impermissibly Conflicted From
              Representing The Interests Of The LLC Plaintiffs.......................18

E.     Even If This Derivative Action Is Proper, Which It Is Not, All Claims Must Be
       Dismissed......................................................................19

       1.     The First Cause Of Action for a violation of § 10(b)(5) of the Securities
              Exchange Act must be dismissed...........................................19

              a.     Plaintiffs' group pleading is improper under the heightened
                     pleading standard..................................................20

              b.     Plaintiffs plead that certain misrepresentations are actually true,
                     therefore rendering such representations non-actionable.........20

              c.     Plaintiffs disclaimed reliance on any representations made prior to
                     investing in the Holding Company Defendants...................21

              d.     Because the § 10(b)(5) claims must be dismissed, this court should
                     transfer the remaining causes of action to the Supreme Court of the
                     State of New York, Kings County.................................23

       2.     To the extent the Court opts to retain jurisdiction over the pendent state
              law claims, those claims must also be dismissed...........................23

              a.     The cancellation of contracts claim must be dismissed (Count 2).24

              b.     The direct breach of fiduciary duty claim must be dismissed
                     (Count 6)........................................................25

              c.     The Accounting Claim Must be Dismisses..........................26

CONCLUSION.............................................................................27

## TABLE OF AUTHORITIES

Page

### Federal Cases

*Abraham v. Am. Home Mortg. Serv., Inc.*,
   947 F. Supp. 2d 222 (E.D.N.Y. 2013) .........................................................................7

*Amalgamated Consultants Ltd. v. De Savary*,
   No. 85 CIV. 2759 (JFK), 1985 WL 3044 (S.D.N.Y. Oct 22, 1985)......................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................7

*Berk v. Tradewell, Inc.*,
   No. 01 Civ. 9035, 2003 WL 21664679 (S.D.N.Y. July 16, 2003) .........................................26

*C.R.A. Realty Corp. v. Scor U.S. Corp.*,
   No. 92 CIV. 2093 (LMM), 1992 WL 309610 (S.D.N.Y. Oct. 9, 1992) ...................................17

*Cicchetti v. Davis Selected Advisors*,
   No. 02 Civ. 10150 (RMB), 2003 WL 22723015 (S.D.N.Y. Nov. 17, 2003)..........................16

*Ctr. v. Hampton Affiliates, Inc.*,
   No. 77 CIV. 581, 1978 WL 1097 (S.D.N.Y. June 28, 1978).................................................17

*Dallas Aero., Inc. v. CIS Air Corp.*,
   352 F.3d 775 (2d Cir. 2003) ...............................................................................21

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985).......................................................................................16

*DeBono v. Wash. Mut. Bank*,
   No. 05 Civ. 10333(DC), 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006) ...............................16

*DLJ Mortg. Capital, Inc. v. Kontogiannis*,
   No. 08 CV 4607 (ENV) (E.D.N.Y. June 4, 2009) ............................................................7,14

*Done v. HSBC Bank USA*,
   No. 09-CV-4878(JFB)(ARL), 2010 WL 3824142(JFB)(ARL)
   (E.D.N.Y. Sept. 23, 2010).................................................................................23

*Dresner v. Utility.com, Inc.*,
   371 F. Supp. 2d 476 (S.D.N.Y. 2005) ....................................................................21

*Esposito v. FDIC*,
    644 F. Supp. 276 (E.D.N.Y. 1986) ...................................................................16

*Golesorkhi v. Green Mountain Coffee Roasters, Inc.*,
    569 F. App'x 43 (2d Cir. 2014) .....................................................................19

*Hansen v. Wwebnet, Inc.*,
    No. 1:14-CV-2263(ALC), 2015 WL 4605670 (S.D.N.Y. July 31, 2015) .............................25

*In re ITT Educ. Servs., Sec. Litig.*,
    34 F. Supp. 3d 298 (S.D.N.Y. 2014) .................................................................19

*Katz v. Image Innovations Holdings, Inc.*,
    No. 06 CIV.3707(JGK), 2008 WL 4840880 (S.D.N.Y. Nov. 4, 2008) ...................................21

*Kelter v. Apex Equity Options Fund, LP*,
    No. 08 CIV. 2911(NRB), 2009 WL 2599607 (S.D.N.Y. Aug. 24, 2009) ...............................21

*Marcus v. Textile Banking Co.*,
    38 F.R.D. 185 (S.D.N.Y. 1965) .......................................................................17

*McAllister v. Conn. Renaissance Inc.*,
    496 F. App'x 104 (2d Cir. 2012) ....................................................................16

*In re Merrill Lynch Auction Rate Sec. Litig.*,
    851 F. Supp. 2d 512 (S.D.N.Y. 2012), *aff'd*, 571 F. App'x 8 (2d Cir. 2014).........................20

*NEM Re Receivables, LLC v. Fortress Re, Inc.*,
    173 F. Supp. 3d 1 (S.D.N.Y. 2016) ..................................................................26

*One Commc'ns Corp. v. JP Morgan SBIC LLC*,
    381 F. App'x 75 (2d Cir. 2010) ......................................................................23

*Poole v. N.Y.*,
    No. 11-CV-921(JFB)(AKT), 2012 WL 727206 (E.D.N.Y. Mar. 6, 2012)...............................23

*Priestley v. Comrie*,
    No. 07 CV 1361(HB), 2007 WL 4208592 (S.D.N.Y. Nov. 27, 2007) .................................19

*Richard J. Zitz, Inc. v. Pereira*,
    965 F. Supp. 350 (E.D.N.Y. 1997) .................................................................11

*St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*,
    No. 06CIV688(SWK), 2006 WL 2849783 (S.D.N.Y. Oct. 4, 2006).....................................18

*Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.*,
    377 F.3d 209 (2d Cir. 2004) ..........................................................................7

*Telesco v. Neuman*,
No. 14 CV 3480 VB, 2015 WL 2330166 (S.D.N.Y. Mar. 11, 2015) ......................................27

*Thomas v. Pub. Storage, Inc.*,
957 F. Supp. 2d 496 (S.D.N.Y. 2013) ...............................................................................16

*Tuscano v. Tuscano*,
403 F. Supp. 2d 214 (E.D.N.Y. 2005) ...............................................................................18

*United States v. Kramer*,
No. 1:06-cr-200-ENV-CLP, 2006 WL 3545026 (E.D.N.Y. Dec. 8, 2006) ...........................11

*Wall St. Sys., Inc. v. Lemence*,
No. 04 CIV. 5299 (JSR), 2005 WL 292744 (S.D.N.Y. Feb. 8, 2005) ...................................18

*Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*,
247 F. Supp. 2d 352 (S.D.N.Y. 2002) ...............................................................................21

## State Cases

*5303 Realty Corp. v. O&Y Equity Corp.*,
64 N.Y.2d 313, 486 N.Y.S.2d 877 (1984) ...........................................................................11

*Abrams v. Donati*,
66 N.Y.2d 951, 498 N.Y.S.2d 782 (1985) ...........................................................................18

*Arrow Commc'n Labs., Inc. v. Pico Prods., Inc.*,
219 A.D.2d 859, 632 N.Y.S.2d 903 (4th Dep't 1995) ........................................................26

*Barbour v. Knecht*,
296 A.D.2d 218, 743 N.Y.S.2d 483 (1st Dep't 2002) ........................................................18

*Chambi v. Navarro, Vives & Cia, Ltd.*,
95 A.D.2d 667, 463 N.Y.S.2d 218 (1st Dep't 1983) ..........................................................10

*Felske v. Bernstein*,
173 A.D.2d 677, 570 N.Y.S.2d 331 (2d Dep't 1991) .........................................................13

*General Prop. Corp. v. Diamond*,
29 A.D.2d 173, 286 N.Y.S.2d 553 (1st Dep't 1968) ..........................................................13

*Holzer v. Mondadori*,
40 Misc. 3d 1233(A), 2013 WL 4523615 (Sup. Ct. N.Y. Cnty. 2013) ...................................7

*Liffiton v. DiBlasi*,
170 A.D.2d 994, 566 N.Y.S.2d 148 (1st Dep't 1991) ........................................................13

*McKernan v. Doniger*,
161 A.D.2d 1159, 555 N.Y.S.2d 517 (4th Dep't 1990) ......................................................13

*No. 1 Funding Ctr., Inc. v. H & G Operating Corp.*,
    48 A.D.3d 908, 853 N.Y.S.2d 178 (3d Dep't 2008) ............................................15

*Olstad v. Nehmadi*,
    31 Misc. 3d 1211(A), 2011 WL 1420879 (Sup. Ct. N.Y. Cnty. Apr. 8, 2011) ......12

*In re Sakow*,
    97 N.Y.2d 436, 741 N.Y.S.2d 175 (2002) ..........................................................10

*Sherpaco, LLC v. Kossi*,
    No. 103875/2007, 2010 WL 231618 (Sup. Ct. N.Y. Cnty. Jan. 5, 2010) ................13

*W25 Holdings, LLC v. Schreiber*,
    No. 155921/2014, 2014 WL 6471481 (N.Y. Sup. Nov. 19, 2014) .........................13

*Yonaty v. Glauber*,
    40 A.D.3d 1193, 834 N.Y.S.2d 744 (3d Dep't 2007) ...........................................13

*Yudell v. Gilbert*,
    99 A.D.3d 108, 949 N.Y.S.2d 380 (1st Dep't 2012) ............................................25

## Statutes & Rules

15 U.S.C. § 78u–4(b)(*I*)(B) ............................................................................19

Fed. R. Civ. P. 9(b) ..............................................................................................19

Fed. R. Civ. P.  41(b) ...........................................................................................17

Federal Arbitration Act, § 10(b)(5) of the Securities Exchange Act of 1934 ...................... passim

N.Y. C.P.L.R. § 6501 ...........................................................................................12

N.Y. C.P.L.R. § 6514(c) .......................................................................................15

N.Y. General Obligations Law § 5-703 .................................................................8

## Miscellaneous

David D. Siegel, New York Practice § 334 (5th ed. 2016)..........................................8

Defendants 1125-1133 Greene Ave, LLC, 834 Metropolitan Avenue, LLC, 92 South 4th Street, LLC, 100 Jefferson Realty, LLC, Gold Cliff, LLC respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 9(b), 41(b), and the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), to vacate the notices of pendency put on the properties owned by certain of the Defendants and to dismiss the Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and to compel arbitration and/or to stay all proceedings herein until that arbitration is completed, and for failure to state a claim.[1]

## I.   PRELIMINARY STATEMENT

The Amended Complaint fails to provide any cogent factual allegations of any kind regarding the Schedule B Defendants 1125-1133 Greene Ave, LLC, 834 Metropolitan Avenue, LLC, 92 South 4th Street, LLC, 100 Jefferson Realty, LLC, Gold Cliff, LLC.  Instead, the Amended Complaint makes factually empty assertions in a tiny number of vague, conclusory statements with hopes of obfuscating the utter lack of factual allegations as to these particular Defendants.  While there are a plethora of other legal and facial deficiencies addressed in detail herein and in the other submissions of the Defendants herein, it is the sparse mention of the Schedule B Defendants without any cogent factual averments supporting a claim that most clearly warrants dismissal.

In reality, the Plaintiffs have overreached without any explanation whatsoever as to a host of Defendants with hopes of exacting improper leverage.   Tellingly, despite a specific written request for any cogent support for their claims, the Plaintiffs have still failed to provide any factual basis for their claims and the Amended Complaint pleads no facts that allege any specific conduct regarding these Schedule B Defendants, let alone facts that would support a legally

---

[1] To the extent not defined, all capitalized terms herein incorporate the definitions ascribed to them in the Amended Complaint.

cognizable claim.   Likewise, at the pre-motion Conference Plaintiff has requested pre-motion discovery (more akin to pre-action discovery) to attempt glean facts in a futile attempt to state a claim that it has simply failed to plead.   Given the severity of impact arising form the filing of a Notice of Pendency under the circumstances, this is not responsible approach and Plaintiff would have been better served not naming a plethora of parties unless it had a colorable basis.

Instead of this prudent course, the Plaintiffs filed a frivolous, facially deficient unverified complaint attaching notices of pendency to a plethora of Schedule B Properties, despite the fact that none of the Plaintiffs have a direct or even indirect interest in those properties.   Courts in New York have routinely found that interests in joint ventures or limited liability companies that themselves have interests in real property, is not a sufficient basis for attaching a notice of pendency to real property when a dispute over interests in the entity, not the real property, arises. Plaintiffs attempt to obfuscate the nature of its claims is not cured by an inferior fact pattern as to the Schedule B Defendants moving herein, as the Plaintiffs alleged interests are even more tenuous and unrelated to real property interests which customary support a claim for real property.

Moreover, the only claims Plaintiff asserts against the Schedule B Defendants moving herein (the Fourth and Seventh Cause of Action) for constructive trust and unjust enrichment are facially deficient. First, it is well settled law that the claims for constructive trust and unjust enrichment are barred whereas here there are contractual agreements present.   The fact that the Plaintiff chose not to raise contractual claims anywhere in its Complaint to minimize this issue does nothing to element this facial deficiency.   Further, the elements needed to establish a constructive trust claim are minimally are (1) confidential or fiduciary relationship, (2) promise, (3) transfer in reliance thereon, and (4) unjust enrichment. Here, literally none of the elements of

the constructive trust claim are even formulaically plead, let alone factual allegations to support same.  Likewise, no factual averments as to the Schedule B Defendants moving herein are plead to justify an unjust enrichment claim.  A such, these claims should be dismissed.

Further, the Complaint relies upon a host of claims as to the primary Defendants and Schedule A Defendants which themselves suffer from glaring deficiencies. For example, as set forth in the moving papers of the primary defendants, the underlying disputes upon which the claims against secondary defendant rely are precluded by arbitration agreements.   Accordingly, the claims should be dismissed or alternatively, the action should be stayed as to the Schedule B Defendants to avoid onerous legal expenses and inconsistent results pending the outcome of an arbitration proceeding upon which the secondary claims rely.

Likewise, in the improperly **unverified** Amended Complaint Plaintiffs assert improper intermingled, commingled, and confusing direct and derivative claims, simultaneously attempting to obtain damages for the benefit of the individual plaintiffs and the twenty-one LLC Plaintiffs that allegedly have an interest in certain of the Holding Company Defendants for identical claims.

Further, there are facial defects in the claim for violation of § 10(b)(5) of the Securities Exchange Act of 1934, and, as a result, transfer this dispute to Kings County Supreme Court for resolution of the pendent state law claims.  The § 10(b)(5) claim fails due to impermissible group pleading for things the "Individual Defendants" said or did.  That lack of specificity in the pleading is basis alone to dismiss the § 10(b)(5) claim, which is subject to heightened pleading standards.

Given the plethora of facial deficiencies of the Complaint, utter lack of factual averments relating to the action of the moving Schedule B Defendants herein and failure to provide a

supportable basis for the filing of Notices of Pendency, the motion should be granted in its entirety.

## II.  THE ALLEGATIONS OF THE AMENDED COMPLAINT

### A. The Amended Complaint Lacks Factual Allegations Against Moving Defendants.

The extent of the allegations made against the "Secret LLC Defendants" is severely limited and is wholly insufficient to support the claims of Constructive Trust and Unjust Enrichment which Plaintiff raises against the Secret LLC Defendants.

The entire extent of Plaintiff's factual averments as to the Secret LLC Defendants consists primarily of a wholly conclusory allegation that the Individual Defendants used money invested by the Individual Plaintiffs and the LLC Plaintiffs to purchase and develop the Secret Properties and the conclusory allegation that the Individual Defendants improperly used that Investment Properties as collateral to secure loans that were given to the Secret LLC Defendants. (Amended Complaint, ¶69).  No further factual allegation of any kind as to the specific properties of the Schedule B Defendant moving herein is alleged in any fashion. Id.  Plaintiffs generally plead, without any detail whatsoever, that Plaintiffs "used money invested by the Plaintiffs to purchase and develop the Secret Properties." (¶129).

The Amended Complaint fails to make any other factual averments as to the Secret LLC Defendants, and the Amended Complaint is woefully deficient to support the causes of action for Constructive Trust (Court IV of the Amended Complaint) and Unjust Enrichment (Count VII of the Amended Complaint) *which are the sole causes of action against moving defendants herein.*

By example, the claims do not include reference to any writing whatsoever which would concern the creation of a constructive trust, nor does the Complaint ever allege that any of the

plaintiffs ever held an interest in any of the properties purportedly held by the Secret LLC Defendants.

The Amended Complaint also fails to address the basic elements for a claim of Constructive Trust.  The Amended Complaint utterly fails to allege any existence of a fiduciary relationship, any promise made by Secret LLC Defendants made to any of the plaintiffs, or  any purported transfer made in reliance upon such a transfer.

**Most glaringly, no transaction of any kind is identified relating to the Defendants 1125-1133 Greene Ave, LLC, 834 Metropolitan Avenue, LLC, 92 South 4th Street, LLC, 100 Jefferson Realty, LLC, Gold Cliff, LLC, rather transactions as to other parties are referenced.   Accordingly, there are no factual averments as to any transactions relating to these defendants, nor any of the Properties related to same set forth on Schedule B to the Amended Complaint.**

**B. The Plaintiffs Commence This Action And File Notices Of Pendency.**

On April 10, 2017, the Individual Plaintiffs commenced this action "individually and derivatively on behalf of" the LLC Plaintiffs.  The Individual Plaintiffs brought this "action derivatively in the right and for the benefit of the LLC Plaintiffs to redress injuries suffered, and that continue to be suffered, by the LLC Plaintiffs, as a direct result of the breaches of fiduciary duties owed by the Individual Defendants." (¶ 95).  The Individual Plaintiffs assert that demand would be futile because the Individual Defendants control the LLC Plaintiffs.  (¶ 98).

The following causes of action were set forth in the Amended Complaint: (i) a violation of § 10(b)(5) of the Securities Exchange Act of 1934 entitling all Plaintiffs to damages; (ii) cancellation of certain real estate contracts; (iii) fraud entitling all Plaintiffs to damages; (iv) constructive trust over the Schedule B Properties in favor of all Plaintiff; (v) a derivative cause of

action for breach of fiduciary duty; (vi) a direct cause of action for breach of fiduciary duty against the Individual Defendants; (vii) unjust enrichment entitling all Plaintiffs to damages; (viii) an accounting; and (ix) constructive trust over the proceeds derived from the sale of Schedule A Properties entitling all Plaintiffs to damages. The *ad damnum* clause in the sixth cause of action, in which Plaintiffs assert were brought directly on behalf of the Individual Plaintiffs, seeks damages only on behalf of the LLC Plaintiffs.

On April 25, 2017 and May 2, 2017, the Plaintiffs filed notices of pendency ("NOP") on all Schedule B Properties and four Schedule A Properties. (Landrigan Decl., Exs. 2).  On or about May 10, 2017, a written request for any basis for commencing an against the moving defendants was provided to Plaintiffs counsel and no response has ever been received. (Landrigan Decl., Exs. 3).  On or about May 24, 2017, a  pre-motion conference was held Court during which Plaintiff again failed to identify any specific transaction related to the moving defendants herein, instead citing unrelated parties and transactions. (Landrigan Decl., Exs. 4).

### C. **Other Factual Averments.**

In the interest of brevity, the Defendants refer to and incorporate by reference the factual background as stated in the Memorandum of Law filed on June12, 2017 by Herrick Feinstein, LLP, and (without prejudice) refer the Court to the factual averments in the Amended Complaint which while disputed are accepted as true for purposes of this motion only.

### III.   ARGUMENT

**A.  The Fourth Cause of Action for Constructive Trust and Seventh Cause of Action for Unjust Enrichment Must be Dismissed.**

#### 1.  Legal standard

In order to survive a motion to dismiss, the complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To do so, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should not accept "legal conclusion[s] couched as ... factual allegation[s]" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79 (quotation marks and citation omitted).

As shown below, the Amended Complaint falls short of this standard.  In fact, since there are no allegations of wrongdoing (and sparse mention) of 1125-1133 Greene Ave, LLC, 834 Metropolitan Avenue, LLC, 92 South 4th Street, LLC, 100 Jefferson Realty, LLC, Gold Cliff, LLC, those defendants must be dismissed from the action.

#### 2.  Written Contract Preclude Constructive Trust and Unjust Enrichment Claims

Because there are valid contracts between LLC Plaintiffs and the Holding Company Defendants, the equitable claims fail.  Under New York law, "the existence of a written agreement precludes a finding of unjust enrichment [or a] constructive trust." *DLJ Mortg. Capital, Inc. v. Kontogiannis*, No. 08 CV 4607 (ENV)(RML, 2009 WL 1652253, at *4 (E.D.N.Y. June 4, 2009) (citing *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 213 (2d Cir. 2004); *Abraham v. Am. Home Mortg. Serv., Inc.*, 947 F. Supp. 2d 222, 235 (E.D.N.Y. 2013) ("It is well established that the existence of a contract precludes a claim for a constructive trust."); *Holzer v. Mondadori*, 40 Misc. 3d 1233(A), 2013 WL 4523615, at * 7

n.10 (Sup. Ct. N.Y. Cnty. 2013) ("Similarly, a claim for a constructive trust would fail because of the existence of written contracts governing the transfer of the $2 million.").

Curiously, the Plaintiffs have chosen not to bring a breach of contract claim in an apparent attempt to avoid arguments of redundancy or other bars to its non-contractual claims. Nevertheless, where there is a contract presented between the parties with respect to Plaintiffs' investments in the Holding Company Defendants, equitable claims must be dismissed.

### 3.  No Factual Averments Support Claims Against Moving Defendants

Additionally, there is not a single detail about the alleged diversion of money from the Holding Company Defendants to the Schedule B Defendants moving herein.  Instead, Plaintiffs generally plead, without any detail whatsoever, that Plaintiffs "used money invested by the Plaintiffs to purchase and develop the Secret Properties." (¶ 129).  Plaintiffs no not even plead how they came to learn about such alleged diversion.  The claims (and related NOPs) were made exclusively to wreak havoc on unrelated as some sort of improper method to gain leverage. These conclusory allegations should not be accepted by the Court and the constructive trust and unjust enrichment claims must be dismissed.

### 4.  None of the required elements are plead

The Plaintiff's claims for constructive trust in the Fourth Cause of Action are so conclusory and deficient as to fail to state a cause of action under any pleading standard.   For example, aaccording to the Second Department's holding in *Tutak v. Tutak*, 123 A.D.2d 758, 507 N.Y.S.2d 232 (2nd Dept. 1986), Plaintiff's cause of action to impose a constructive trust must be dismissed, since there was no writing concerning the real property involved satisfying the statute of fraud deficiencies.  See, General Obligations Law §5-703; *Bontecou v. Goldman*, 103 A.D.2d 732, 477 N.Y.S.2d 192 (2nd Dept. 1984).  Further, no constructive trust will be imposed when

plaintiff never had any prior interest in the real property at issue, as is the case here.  *Scivoletti v. Marsala*, 97 A.D.2d 401, 467 N.Y.S.2d 228 (2nd Dept. 1983). The elements needed to establish constructive trust are (1) confidential or fiduciary relationship, (2) promise, (3) transfer in reliance thereon, and (4) unjust enrichment.  *Mendel v. Hewitt*, 161 A.D.2d 849, 555 N.Y.S.2d 899 (3rd Dept. 1990).

Here, literally none of the elements of the constructive trust claim are plead, precisely because these claims are wholly unsupportable.  For example, there is no prior relationship *of any kind* even alleged with *any* of the our clients, let alone a confidential relationship.  Further, the relationships with the primary defendants are arm's length dealings at best, that do not give rise to confidential or fiduciary relationships, let alone with distinct LLC's unrelated to Plaintiffs claims. Where parties deal at arm's length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances. *See, e.g., Grumman Allied Industries, Inc. v. Rohr Industries, Inc.*, 748 F.2d 729 (2d Cir.1984).

Further, whereas here, there are no allegation of any prior dealings *of any kind* whatsoever with our LLC clients, let alone reliance of any promise relative to these distinct entities unrelated to Plaintiff's claims, no cogent claim can properly be plead.  Further, there is no prior interest in the properties held by these distinct LLC's, nor any claim alleged for unjust enrichment.  Finally, all of the constructive trust claims would suffer from the same bizarrely conclusory claims for common law fraud and securities fraud which, in cursory group plead fashion, fail to identify factual basics to support a colorable claim, let alone under heightened pleadings standard.

In short, this sort of fishing expedition, while engaging in farcical, conclusory identification of completely unrelated "secret" real properties (all of public record) having nothing to do with the instant plaintiffs, is merely further evidence of Plaintiff's bad faith.

**B.**     **The Notices of Pendency Must Be Vacated.**

Because the Amended Complaint must be dismissed on procedural and substantive grounds as set forth in detail herein and in Co-Defendant moving papers, the Notices of Pendency (NOPs) on the Schedule B Properties of the moving Defendants herein must be vacated. *See RB Hempstead, LLC v. Inc. Vill. of Hempstead*, 34 A.D.3d 552, 553, 824 N.Y.S.2d 407, 409 (2d Dep't 2006).  Even if certain causes of action are not dismissed, the NOPs on the Schedule B Properties must be vacated for a simple reason: this case concerns interests in limited liability companies, which is personalty, not realty, and therefore inadequate to sustain a *lis pendens* under New York law.[2]

> **1.**   **Notices of pendency are an extraordinary remedy and the statute is strictly applied.**

Pursuant to CPLR § 6501, "[a] notice of pendency may be filed in any action … in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property…"  "The filing of a notice of pendency is an extraordinary privilege, and the statute conferring it should be strictly construed." *Chambi v. Navarro, Vives & Cia, Ltd.*, 95 A.D.2d 667, 667, 463 N.Y.S.2d 218, 219 (1st  Dep't 1983); *see also In re Sakow*, 97 N.Y.2d 436, 441, 741 N.Y.S.2d 175, 179 (2002).

---

[2] As a matter of substantive law affecting property, "state law governs the matter of lis pendens."   § 2935, LIS PENDENS, 11A FED. PRAC. & PROC. CIV. § 2935 (3d ed.); *DLJ Mortgage Capital*, 2009 WL 1652253, at *2 n.2 (explaining that the court "must look to state law to govern the matter of lis pendens") (Internal quotation marks omitted).

A *lis pendens* is only appropriate in the "narrowest" of circumstances: namely, cases "directly affecting title or, or the possession, use or enjoyment of real property." *5303 Realty Corp. v. O&Y Equity Corp.*, 64 N.Y.2d 313, 315-16, 486 N.Y.S.2d 877, 884 (1984) (cancelling lis pendens in property held by real estate partnership; "the drastic impact of the notice of pendency authorized by N.Y. CPLR § 6501 requires strict applications of that statute"); *see also Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354-55 (E.D.N.Y. 1997) (explaining that the New York Court of Appeals has "imposed a narrow interpretation in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property") (Citations omitted). "Despite the broad language of § 6501, which allows for the filing of *lis pendens* where 'judgment demanded would affect the title to, or the possession, use or enjoyment of, real property,' the statute is interpreted narrowly by New York courts." *United States v. Kramer*, No. 1:06-cr-200-ENV-CLP, 2006 WL 3545026, at *9 (E.D.N.Y. Dec. 8, 2006) (citations omitted); *see also* David D. Siegel, New York Practice § 334 (5th ed. 2016) (noting that notwithstanding the "seeming generous language of the statute (including the phrase 'use or enjoyment'), a notice of pendency cannot be sustained where the plaintiff claims no 'right title, or interest' in the property itself").

### 2. *Lis Pendens* does not apply to Actions like this one where Plaintiffs are claiming an interest in an LLC

Plaintiffs do not have a direct interest in the Schedule A NP Properties nor the Schedule B Properties and thus the notices of pendency must be vacated. As to the Schedule B Properties, the Plaintiff should be in an inferior position because its interests are even more remote and less tied to real property interests. On many occasions, Courts have vacated a notice of pendency when the plaintiffs claim an interest in a joint venture or a limited liability company dealing with property because an interest in a joint venture or limited liability company dealing with property

is not an interest in the property itself, and thus fails to support a notice of pendency. *See, e.g.,*

*Olstad v. Nehmadi*, 31 Misc. 3d 1211(A), 2011 WL 1420879 (Sup. Ct. N.Y. Cnty. Apr. 8, 2011).

      *Ostad v. Nehmadi* is illustrative of this point.  In *Olstad*, the plaintiff sued the defendant

"claiming an interest in property acquired by a corporation for the benefit of purported

partnership." *Id.* at *1.  According to the plaintiff, the property was purchased by a limited

liability company formed by the parties to acquire title on their behalf. *Id.*  Plaintiff alleged that

he contributed $400,000 in exchange for a 10% interest in the limited liability company. *Id.*

When one of the defendants refinanced the property, the plaintiff filed a complaint requesting a

final accounting of all proceeds generated by the property and the formation of a constructive

trust on the property and the LLC to "establish the rights of the parties, and determine and

partition the assets of the alleged" partnership. *Id.*  The plaintiff also filed a notice of pendency,

on the grounds that his request of relief implicated his 10% interest in the ownership of the

property. *Id.*

      The court vacated the *lis pendens*.  It explained that in reviewing a *lis pendens*, "[t]he

basic test is whether the pleading on its face directly affects the necessary interest in the land,

and notice of pendency is improper if the relationship of action to realty is only indirect." *Id.* at

*3 (citations omitted).  The court determined that plaintiff's involvement with the "enterprise"

was similar to a partnership or a joint venture, and thus the question is whether "a partner's or a

venturer's claim on the real estate owned by such an entity constitutes personal property, which

falls outside the scope of N.Y. C.P.L.R. § 6501." *Id.* at *5.  Despite the plaintiff's argument that

he was seeking a 10% interest in the property, the court found that the complaint averred

membership in an enterprise that purchased the property. *Id.* at *5, 8.  The court concluded that

such an interest is an interest in personalty, only indirectly involving the property. *Id.* at *6.

Likewise in *Felske v. Bernstein*, the Second Department held in an abuse of process action that a notice of pendency had been improperly filed. 173 A.D.2d 677, 570 N.Y.S.2d 331 (2d Dep't 1991). The basis of the notice of pendency was a landowner's claim for specific performance of an alleged agreement to form a joint venture for the purpose of developing a condominium project on the landowner's property. The Court reasoned that:

> The plaintiffs contend that the notice of pendency was diverted from its lawful purpose. We agree. "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." At bar, even if the defendants were granted specific performance in the underlying action, that fact alone would not give them an interest in the subject realty because the defendants' interest in the joint venture would be an interest in personal property, not an interest in the realty. Since the judgment for specific performance would not affect the title to, or the possession, use or enjoyment of real property, the filing of the notice of pendency was not justified

*Id.* at 678, 570 N.Y.S.2d at 333 (citations omitted). Many other courts have reiterated the reasoning in *Ostad* and *Felske* that claims to membership or interest in an LLC only indirectly affect real estate and thus fail to support a lis pendens under CPLR § 6501, as is the case herein.[3]

---

[3] *General Prop. Corp. v. Diamond*, 29 A.D.2d 173, 175, 286 N.Y.S.2d 553, 554 (1st Dep't 1968) (vacating *lis pendens* because "the interest of a joint venturer in a venture having to do with realty is not an interest in the realty itself"); *McKernan v. Doniger*, 161 A.D.2d 1159, 555 N.Y.S.2d 517 (4th Dep't 1990) (finding the trial court erred in denying motion to cancel lis pendens, where plaintiff challenged defendants' ability to sell real estate owned by their partnership, explaining that "[p]laintiff's interest in the partnership is an interest in personal property, not an interest in the real property owned by the partnership"); *Yonaty v. Glauber*, 40 A.D.3d 1193, 1195, 834 N.Y.S.2d 744, 747 (3d Dep't 2007) (affirming cancellation of notice of pendency because "Membership interest in an LLC constitutes personal property and an LLC member has 'no interest in specific property of the LLC'"); *Liffiton v. DiBlasi*, 170 A.D.2d 994, 994, 566 N.Y.S.2d 148, 149 (1st Dep't 1991) ("Since plaintiff's claimed interest in the partnership is, under the partnership law, an interest in personal property, a lis pendens is not appropriate") (citations omitted); *W25 Holdings, LLC v. Schreiber*, No. 155921/2014, 2014 WL 6471481, at *3 (N.Y. Sup. Nov. 19, 2014) (cancelling notice of pendency where "[a]ll of the claims in the original complaint arise out of plaintiffs' claim that they are 35% owners of a joint venture that owns the Property [and thus t]heir interest is in personal, not real, property"); *Sherpaco, LLC v. Kossi*, No. 103875/2007, 2010 WL 231618 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 5, 2010).

### 3.   The Constructive Trust claim is not a basis for attaching NOPs to the Schedule B Properties

Because the constructive trust claims must be dismissed, the NOPs attached to the Schedule B Properties must also be vacated.  Even if the constructive trust claim was properly stated, the NOPs must still be vacated.

The Plaintiffs have no interest in the Schedule B Properties nor the Schedule B Defendants, yet they attached NOPs to all Schedule B Properties.  Their apparent basis to do so is that they have alleged a constructive trust over the Schedule B Properties.  The mere inclusion of a request for a constructive trust does not support a NOP, as the courts of New York look to the substance of the action to determine whether the statutory requirements are met.  *See Olstad*, 2011 WL 1420879, at *6; *DLJ Mortg. Capital*, 2009 WL 1652253, at *2 n.2 (rejecting plaintiff's claim for a constructive trust and concluding that plaintiff's notice of pendency failed under CPLR § 6501); *Amalgamated Consultants Ltd. v. De Savary*, No. 85 CIV. 2759 (JFK), 1985 WL 3044, at *9-10 (S.D.N.Y. Oct 22, 1985) (vacating NOP on property despite plaintiff's inclusion of a constructive trust claim on the property).

As in *Ostad*, Plaintiffs' constructive trust claim here does not transform its action into a direct claim on the Property.  The substance of the Plaintiffs' claims make clear that they seek an interest in the Schedule B Defendants, not that they are entitled to a transfer of the Schedule B Properties owned by the Schedule B Defendants (despite demanding such relief). (¶ 131). Plaintiffs fail to plead how much the Schedule B Properties were acquired for, how much money was invested to develop them, and how much of Plaintiffs money was allegedly diverted to the Schedule B Defendants.  At best, even if some of Plaintiffs' money was diverted to the Schedule B Defendants to acquire and develop the Schedule B Properties, which it was not, that would only give the Plaintiffs a potential money damages claim as opposed to an interest in real

14

property interests.  Accordingly, an interest in an LLC or any other interest in personalty cannot serve as the basis for attaching an NOP.

### 4.  The Court Should Award Defendants Their Costs And Expenses Incurred As A Result Of The Filing Of The NOPs

Courts in New York State do not hesitate to award costs and fees as a result of the improper filing and refusal to vacate a frivolous NOP.  *See* CPLR 6514(c) ("Costs and expenses. The court, in an order cancelling a notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action."); *see, e.g., No. 1 Funding Ctr., Inc. v. H & G Operating Corp.*, 48 A.D.3d 908, 853 N.Y.S.2d 178 (3d Dep't 2008) (Upon cancelling NOP in prospective buyer's action against sellers, seeking specific performance of parties' asset sale agreement, trial court had statutory authority to award counsel fees to sellers in the absence of a contractual provision permitting such an award).  Here, via its pre-motion letter, the Defendants informed Plaintiffs of their frivolous NOPs.  Rather than admit their "error," the Plaintiffs have dug their heels in, refusing to vacate the NOPs, despite absolutely no direct interest in any of the properties on which they attached a NOP.   Accordingly, the Court should award Defendants their costs and fees occasioned by the filing and inevitable cancellation of the NOPs.

### 5.  If The Court Does Not Vacate The NOPs, The Court Should Order Plaintiffs To Provide An Undertaking.

There was no basis for Plaintiffs to file the NOPs, other than simply to impose on Defendants the burden of seeking to have it vacated.  If the Court declines to vacate the NOPs, however, the Court should at a minimum require Plaintiffs to post a bond in an amount sufficient to indemnify Defendants for the damages they will undoubtedly incur if the NOPs are not cancelled.  CPLR 6515(2).  "The purpose of the bond required to be posted by plaintiff is to

indemnify defendant against any damages he may sustain if the notice of pendency is not cancelled." *Esposito v. FDIC*, 644 F. Supp. 276, 277 (E.D.N.Y. 1986).

### C. The Action Should Be Dismissed Or Minimally Stayed As To Moving Defendants Because The Court Does Not Have Subject Matter Jurisdiction Because Arbitration Provisions Govern This Dispute

As detailed in the moving papers of Co-defendants herein, the core claims herein brought by the Plaintiff against the primary Defendants are barred by an arbitration agreement that abrogates the subject matter jurisdiction of this court.   In fact, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citations omitted) (Emphasis in original).

Courts consider the following four factors in determining whether to compel arbitration: "(1) whether the parties agreed to arbitrate; (2) the scope or the arbitration agreement; (3) whether, if federal statutory claims are asserted, Congress intended those claims to be nonarbitrable; and (4) **whether, if some but not all of the claims in the case are arbitrable, the case should be _stayed_ pending arbitration**." *McAllister v. Conn. Renaissance Inc.*, 496 F. App'x 104, 106 (2d Cir. 2012)(emphasis added).   "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable*, it must stay or dismiss further judicial proceedings and order the parties to arbitrat*e." *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013)(emphasis added). **Where each and every claim is arbitrable, this case should be dismissed rather than stayed**. *See, e.g., DeBono v. Wash. Mut. Bank*, No. 05 Civ. 10333(DC), 2006 WL 3538938, at *4 (Dec. 8, 2006); *Cicchetti v. Davis Selected Advisors*, No. 02 Civ. 10150 (RMB), 2003 WL 22723015, at *3 (S.D.N.Y. Nov. 17, 2003).

However, even if the Court should elect not to dismiss the entire case outright, it is respectfully requested that the moving Schedule B Defendants action should be stayed to spare these Defendants the enormous costs and undue burden of litigating secondary claims against unrelated parties where primary disputes must be first resolved in arbitration.  To do otherwise would impose an improper burden and could lead to inconsistent outcomes.

### D.  The Causes Of Action Against the Primary Defendants on Which The Secondary Claims Against the Schedule B Defendants Rely Are Facially <u>Defective</u>.

#### 1.   The Amended Complaint is not verified and therefore all <u>derivative claims must be dismissed.</u>

Pursuant to FRCP 23.1(b), "[t]he complaint must be verified."  Pursuant to FRCP 41(b), if a plaintiff fails "to comply with these rules … a defendant may move to dismiss the action." The failure to verify a complaint in a derivative action is grounds for dismissal pursuant to FRCP 41(b).  *See, e.g., Marcus v. Textile Banking Co.*, 38 F.R.D. 185, 186 (S.D.N.Y. 1965) (describing failure to verify complaint in a stockholder's derivative action as a "fatal defect" under predecessor to Rule 23.1); *C.R.A. Realty Corp. v. Scor U.S. Corp.*, No. 92 CIV. 2093 (LMM), 1992 WL 309610, at *1 (S.D.N.Y. Oct. 9, 1992) (finding that "the Complaint is dismissed [pursuant to FRCP 41(b)] for failure to comply with Rule 23.1, requiring verification of a complaint"); *Ctr. v. Hampton Affiliates, Inc.*, No. 77 CIV. 581, 1978 WL 1097, at *4 n.3 (S.D.N.Y. June 28, 1978) ("Other grounds for dismissal of this derivative suit under Rule 23.1, Fed. R. Civ. P., are that (1) the complaint is not verified…").  Accordingly, the Amended Complaint should be dismissed.

#### 2.   <u>Plaintiffs Improperly Conflate Derivative And Direct Claims</u>

The derivative claims must be dismissed because they are comingled with Plaintiffs' alleged direct claims.  Courts in New York have long held that complaints that fail to delineate between or comingle direct and derivative claims must be dismissed.  *See Abrams v. Donati*, 66

N.Y.2d 951, 953-54, 498 N.Y.S.2d 782, 783 (1985) (dismissing complaint because it combined derivative claims for injuries to the corporation with individual claims); *Barbour v. Knecht,* 296 A.D.2d 218, 227-28, 743 N.Y.S.2d 483, 491 (1st Dep't 2002) ("The mingling of derivative claims and individual claims requires dismissal of the causes of action so affected.").

Here, the causes of action are not separately delineated. The first through fourth and seventh through ninth causes of action appear to be brought on behalf of all Plaintiffs, which is improper in a derivative action. (¶¶ 99-31, 148-61). The Sixth Cause of Action is purportedly brought directly by the Individual Plaintiffs but seeks damages on behalf of the LLC Plaintiffs. (¶ 147). Such intermingling, conflation, and confusion of claims warrants dismissal.

### 3. The Individual Plaintiffs Are Impermissibly Conflicted From Representing The Interests Of The LLC Plaintiffs

Pursuant to Rule 23.1(a) of the FRCP, a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Courts in the Second Circuit routinely find that where an individual plaintiff brings an action derivatively and at the same time alleges direct claims, an impermissible conflict of interest arises. *See Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 223 (E.D.N.Y. 2005) (stating that "[a]ny individual claims raised by a shareholder in a derivative action present an impermissible conflict of interest."); *Wall St. Sys., Inc. v. Lemence*, No. 04 CIV. 5299 (JSR), 2005 WL 292744, at *3 (S.D.N.Y. Feb. 8, 2005) (stating that "an individual shareholder has a conflict of interest, and therefore cannot adequately represent other shareholders, when he simultaneously brings a direct and derivative action, as Lemence has done here"); *St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, No. 06CIV688(SWK), 2006 WL 2849783, at *7 (S.D.N.Y. Oct. 4, 2006) ("Courts in this Circuit have long found that plaintiffs attempting to advance derivative and direct claims in

18

the same action face an impermissible conflict of interest."); *Priestley v. Comrie*, No. 07 CV 1361(HB), 2007 WL 4208592, at *6 (S.D.N.Y. Nov. 27, 2007) (holding that "[h]er attempt to advance derivative and direct claims in the same action is an impermissible conflict of interest that disqualifies her from maintaining this action").

Because the Individual Plaintiffs seek personal monetary relief pursuant to the *ad damnum* clause of virtually every single cause of action (¶¶ 109, 126, 131, 153, 157, 161), in addition to making a direct claim for breach of fiduciary duty (¶¶ 141-47), the Individual Plaintiffs are incapable of adequately representing the LLC Plaintiffs derivatively. As a result, the Amended Complaint must be dismissed.

### E.  Even If This Derivative Action Is Proper, Which It Is Not, All Claims Must Be Dismissed

#### 1.   The First Cause Of Action for a violation of § 10(b)(5) of the Securities Exchange Act must be dismissed.

To state a claim for a violation of § 10(b)(5) and Rule 10b–5, a plaintiff must plead a misstatement of material fact (or an omission of a material fact that the defendant has a duty to disclose), made using an instrumentality of interstate commerce, with scienter, on which the plaintiff relied to her detriment in connection with the purchase or sale of a security. *In re ITT Educ. Servs., Sec. Litig.*, 34 F. Supp. 3d 298, 305 (S.D.N.Y. 2014). "The Private Securities Litigation Reform Act ("PSLRA") imposes a heightened standard for a 10(b) allegation to be well pleaded." *Golesorkhi v. Green Mountain Coffee Roasters, Inc.*, 569 F. App'x 43, 44 (2d Cir. 2014). "Plaintiffs must satisfy Rule 9(b), which requires plaintiffs to state 'the circumstances constituting fraud,' and the PSLRA also requires them to 'state with particularity all facts on which [their belief that defendants violated Rule 10(b)(5)] is formed.'" *Id.* (citing 15 U.S.C. § 78u–4(b)(*l*)(B)). In order to comport with Rule 9(b), securities fraud allegations must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3)

state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 534 (S.D.N.Y. 2012), *aff'd*, 571 F. App'x 8 (2d Cir. 2014) (dismissing complaint where plaintiff failed to allege "specific speakers").  For all the reasons that follow, the § 10(b) claim must be dismissed.

### a) *Plaintiffs' group pleading is improper under the heightened pleading standards.*

Plaintiffs fail to meet the heightened pleading standards necessary to successfully plead a § 10(b) claim.  Indeed, none of the alleged misrepresentations concern what Mr. Strulovitch did or said.  Rather, all alleged misrepresentations concern what the "Individual Defendants" did or said. (¶¶ 34-61, 105, 106, 107).   Such group pleading is improper.

Moreover, per the Amended Complaint, it appears that Defendant Oberlander was the only person to communicate with the investors.  (¶¶ 30-33).  Oberlander is merely alleged to be Strulovitch's "business associate." (¶ 31). There is no allegation that Oberlander was Strulovitch's agent or partner.  Oberlander did not and could not speak for Strulovitch and thus any claims against Strulovitch and his related entities fails.

### b) *Plaintiffs plead that certain misrepresentations are actually true, therefore rendering such representations non-actionable.*

To the extent Plaintiffs plead that misrepresentations were made with respect to six of the Schedule A Properties that were sold -- (i) 1078 Dekalb; (ii) 618 Lafayette; (iii) 908 Bergen; (iv) 106 Kingston; (v) 1213 Jefferson Avenue; and (vi) 325 Franklin -- such claims must be dismissed because any alleged misrepresentations were actually true.  The alleged Prospectuses that serve as the basis for § 10(b)(5) claims state that the "investors would receive the return of their original investment…" (¶ 36).  Plaintiffs expressly pled that with respect to these six properties, "the Individual Defendants refinanced loans and returned the vast majority of the

investment funds…" (¶ 66).   As a result, the alleged representations in the Prospectuses have been established as true.  As such, these claims must be dismissed.

### c) *Plaintiffs disclaimed reliance on any representations made prior to investing in the Holding Company Defendants.*

"Plaintiffs may not maintain a securities fraud claim unless they allege that they reasonably relied on a misrepresentation or omission." *Dresner v. Utility.com, Inc.*, 371 F. Supp. 2d 476, 491 (S.D.N.Y. 2005).  The "Court of Appeals for the Second Circuit has held that 'a party cannot justifiably rely on a representation that is specifically disclaimed by an agreement.'" *Katz v. Image Innovations Holdings, Inc.*, No. 06 CIV.3707(JGK), 2008 WL 4840880, at *5 (S.D.N.Y. Nov. 4, 2008) (citing *Dallas Aero., Inc. v. CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003)); *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 368 (S.D.N.Y. 2002) ("It is well-established, however, that a party to a contract cannot rely on oral representations where a contract specifically disavows the incorporation of non-written representations.").  "The clear implication of the Court of Appeals' language is that a disclaimer of representations also disclaims reliance on those representations." *Image Innovations Holdings, Inc.*, 2008 WL 4840880, at *5.  A merger clause need not disclaim the identical representations complained of in order to serve as a bar to a § 10(b) claim; rather, many courts hold that a "standard merger clause precludes reliance on prior representations." *Kelter v. Apex Equity Options Fund, LP*, No. 08 CIV. 2911 (NRB), 2009 WL 2599607, at *8 (S.D.N.Y. Aug. 24, 2009); *see also Image Innovations Holdings, Inc.*, 2008 WL 4840880, at *6 ("It is plain that a merger clause may disclaim reliance on certain representations without identifying those representations in language that is identical to the language used by a party claiming reliance."); *Wells Fargo Bank*, 247 F. Supp. 2d at 368 ("New York courts have recognized that 'no particular words are needed to transform a general disclaimer into a specific one, and have excluded parol

21

evidence even when the contract did not contain an express disavowal of reliance on oral representations.'"").

Pursuant to certain clauses in the Holding Company Agreements, the Plaintiffs disclaimed reliance on all representations not contained in said agreements.   The Holding Company Agreements state that the LLC Plaintiffs:

> had the opportunity to examine the Premises, is familiar with the physical condition of the Premises, has checked all aspects of the transaction **without relying on representations of the parties to this agreement**, has found this transaction to be fully conforming to its investment policies and has made an independent decision to invest hereunder.
> …
>
> Except to the extent that a representation is made specifically elsewhere in this Agreement, **CSRE has not made and does not make any representations** as to the physical condition, expenses, operations, **value of the land or buildings thereon**, or any other matter or thing affecting or relating to the Premises, which might be pertinent to the purchase of the Premises or the execution of this Agreement.
> …
>
> The LLC Plaintiffs additionally agreed "CSRE is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, **statements, representations, or information pertaining to the Premises**, made or furnished by any real estate broker, agent, employee, servant or other person representing or purporting to represent CSRE.  All understandings and agreement heretofore had between the parties are merged in this Agreement, which alone fully and completely expresses their agreement."

(emphasis added).   In other words, the merger clauses specifically disclaim reliance on any representations made by any party prior to entering into the agreements, including "representations as to the … value of the land or buildings thereon."  These agreements were all signed after the relevant Prospectuses were allegedly sent.   Because the merger clauses specifically disclaim reliance on representations as to the value of the Schedule A Properties

prior to entering into the agreements, the § 10(b) claim must be dismissed. *See, e.g., One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 79 (2d Cir. 2010) ("With respect to the pre-agreement representations allegedly made by Lightship, we conclude that the merger agreement foreclosed any reliance by CTC on those representations and that therefore no § 10(b) claim may be brought based on them."); *Wells Fargo Bank*, 247 F. Supp. 2d at 368-69 ("It does not follow, however, that where a written contract specifically identifies areas that are not the subject of representations, a party can avoid its specifically-negotiated contract obligations by claiming a representation that is a slight variant of the particular language disclaimed in the contract.").

### d)  Because the § 10(b)(5) claims must be dismissed, this court should transfer the remaining causes of action to the Supreme Court of the State of New York, Kings County

Where the only basis for litigating a dispute in a Federal Court is on Federal Question grounds, upon dismissal of all Federal claims, Courts in the Eastern District of New York usually exercise their discretion to transfer the remaining claims to state court for adjudication. *See, e.g., Done v. HSBC Bank USA*, No. 09-CV-4878 JFB ARL, 2010 WL 3824142(JFB)(ARL), at *1 (E.D.N.Y. Sept. 23, 2010); *Poole v. N.Y.*, No. 11-CV-921(JFB)(AKT), 2012 WL 727206, at *4 (E.D.N.Y. Mar. 6, 2012).  Because the § 10(b) claim must be dismissed, this Court should transfer the remaining claims to state court for resolution.

### 2.  To the extent the Court opts to retain jurisdiction over the pendent state law claims, those claims must also be dismissed.

For all of the reasons the § 10(b) claim must be dismissed, Plaintiffs' cause of action for fraud must also be dismissed.  Additionally, for the reasons that follow, all of the remaining state law claims must be dismissed.

### a) *The cancellation of contracts claim must be dismissed (Count 2)*

Via its Second Cause of Action, the Plaintiffs seek to cancel the contracts to sell the Schedule A NP Properties to third parties on the grounds that the "contracts were signed by one or more of the Individual Defendants without the authority or approval of Plaintiffs." (¶ 112). Plaintiffs cite New York General Obligations Law § 5-703 as the statute permitting them to void these contracts. This statute states that: "[a] contract … for the sale of any real property, or an interest therein, is void unless the contract … is in writing, subscribed by the party to be charged, **or by his lawful agent thereunto authorized by writing**."

Strulovitch was the lawful agent of the Holding Company Defendants as its managing member (¶¶ 23, 133, 140). Further, the Amended Complaint fails to identify any basis for which the LLC Plaintiffs, the Individual Plaintiffs, or any other investor, were required to give their consent before a Schedule A Property was transferred. Instead, the Plaintiffs plead that the Prospectuses stated that the investments would depend solely on the efforts of the Individual Defendants and that the Individual Defendants would "attend to, manage, and worry for the project in its formation, continuation, rental, and sale all attention necessary for the success of the business." (¶ 38). And even if a certain percentage of investors' consent was required for a transfer, the Individual Plaintiffs fail to plead what percentage was required, the amount of interest they have in the Holding Company Defendants (via the LLC Plaintiffs), and whether any other non-plaintiff investor (which represents the vast majority of the interests in the LLC Plaintiffs) consented to the transfer. Such flimsy pleading cannot satisfy Plaintiffs' heavy burden of cancelling a real estate contract of some innocent third party.

### b)  The direct breach of fiduciary duty claim must be dismissed (Count 6)

The Individual Plaintiffs improperly assert direct claims against the Individual Defendants in the sixth cause of action, which is for breach of fiduciary duty.  Under New York law, "a derivative claim seeks to recover for injury to the business entity," while "a direct claim seeks redress for injury to [a plaintiff] individually." *Hansen v. Wwebnet, Inc.*, No. 1:14-CV-2263(ALC), 2015 WL 4605670, at *4 (S.D.N.Y. July 31, 2015) (citing *Yudell v. Gilbert,* 99 A.D.3d 108, 113, 949 N.Y.S.2d 380, 383 (1st Dep't 2012)).  In *Yudell,* the First Department adopted Delaware's "common sense approach" (*Tooley*) for deciding whether a claim is derivative or direct.  *Id.* (citing *Yudell v. Gilbert,* 99 A.D.3d at 114, 949 N.Y.S.2d at 384.  Under *Tooley,* "a court should consider (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)." *Id.* (citing *Yudell,* 99 A.D.3d at 114, 949 N.Y.S.2d at 384).

Outside of generally pleading that the Individual Plaintiffs were damaged by way of the Individual Defendants alleged breaches of fiduciary duty, the Amended Complaint could not be clearer that any purported injury was to the LLC Plaintiffs, not the Individual Plaintiffs.  Indeed, the *ad damnum* clause in the sixth cause of action asserts not that the Individual Plaintiffs seek an award of damages; rather, it asserts that the "LLC Plaintiffs are entitled to compensatory and punitive damages and the disgorgement of profits…" (¶ 147).  That alone establishes the second part of *Tooley* analysis.  Accordingly, the direct claim for breach of fiduciary duty must be dismissed.

### c) *The accounting claim must be dismissed (Count 8).*

Plaintiffs' claim for an accounting must be dismissed.   A party that sues for an accounting must establish four elements: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Berk v. Tradewell, Inc.*, No. 01 Civ. 9035, 2003 WL 21664679, at *7 (S.D.N.Y. July 16, 2003).  Because Plaintiffs' fail to satisfy the second through fourth elements, the accounting claim must be dismissed.

Under New York law, "[a]n accounting claim is not proper where money damages are recoverable under alternative causes of action for the same injury." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 173 F. Supp. 3d 1, 7 (S.D.N.Y. 2016); *see, e.g.*, *Arrow Commc'n Labs., Inc. v. Pico Prods., Inc.*, 219 A.D.2d 859, 860, 632 N.Y.S.2d 903, 905 (4th Dep't 1995) ("Where a party seeks an accounting, but the primary demand is for monetary damages, '[t]he accounting is merely a method to determine the amount of the monetary damages. The action therefore sounds in law and not in equity.'").   Here, Plaintiffs have failed to allege whether an alternative legal remedy is available to them.   The Amended Complaint makes clear that one is available, however.  Via its accounting cause of action, Plaintiffs seek "an accounting of all books, records and transactions of the LLC Plaintiffs and the Holding Company Defendants, ***and for the recovery of any funds that have been improperly taken therefrom***."  (¶ 157) (emphasis added). Plaintiffs seek those same damages through its fraud and breach of fiduciary duty claims. Therefore the accounting claim must be dismissed.  *NEM Re Receivables*, 173 F. Supp. 3d at 7 ("NEM Re not only requests an accounting but also seeks the amount found to be due from that accounting, including prejudgment and post judgment interest. NEM Re seeks monetary damages which are recoverable under a cause of action at law, namely a breach of contract

claim. Therefore, a claim for accounting is not proper"); *Telesco v. Neuman*, No. 14 CV 3480 VB, 2015 WL 2330166, at *7 (S.D.N.Y. Mar. 11, 2015) ("When, as here, a plaintiff seeks money damages in a breach of contract claim, an accounting claim is unavailable because discovery as to the measure of damages associated with the breach of contract claim provides plaintiff the remedy he seeks.").

With respect to the fourth element, Plaintiffs only make the conclusory allegation that "Despite due demand, the Individual Defendants have refused to provide a just and fair accounting to Plaintiffs." (¶ 156). There is no allegation when this demand took place, who made the demand, when the Individual Defendants refused such demand, nor any other information about such demand and refusal. This allegation is not sufficient to survive the *Twombley/Iqbal* pleading standard.

Accordingly, as set forth in detail above, and as set forth in the moving papers of Co-Defendants herein which are incorporated where applicable by reference, the claims purporting to underpin the claims against the secondary Defendants, Schedule B Defendant moving herein, are facially defective. As such, the premise upon which these claims are based are defective.

## CONCLUSION

For all of the reasons stated above the Court should issue an order: (i) dismissing the Amended Complaint; (ii) compelling Arbitration, if the Court deems it necessary; (iii) transferring this action to Kings County Supreme Court, if the Court deems it necessary; (iv) cancelling the notices of pendency attached to certain parcels of real property owned by certain of the Defendants; and (v) for such other and further relief as this Court deems appropriate.

.

Dated:   New York, New York
        June 12, 2017

**COHEN, LABARBERA**

**& LANDRIGAN,  LLP**

By:  /s/ Thomas C. Landrigan
     Thomas C. Landrigan
     (tlandrigan@cll-law.com)
40 Matthews Street, Suite 203
Goshen, NY 10924
845.291.1900
*Attorneys for Defendants 1125-1133 Greene Ave, LLC, 834 Metropolitan Avenue, LLC, 92 South 4th Street, LLC, 100 Jefferson Realty, LLC, Gold Cliff LLC*