UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JACOB SCHONBERG, BINYOMIN SCHONBERG, BINYOMIN HALPERN AND RAPHAEL BAROUCH ELKAIM, et al.,

                        *Plaintiffs*,

-against-

YECHEZKEL STRULOVICH a/k/a CHASKIEL STRULOVICH, YECHIEL OBERLANDER a/k/a MICI OBERLANDER a/k/a MIHAY OBERLANDER, et al.,

                        *Defendants*.
---------------------------------------------------------------------------X

Case No. 17-cv-2161 (CBA)(RML)

## **DECLARATION OF BINYOMIN SCHONBERG**

BINYOMIN SCHONBERG, hereby declares under the penalty of perjury:

    1.    I am a named Plaintiff in the above-captioned action, and as such, I am fully familiar with the facts and circumstances herein.

    2.    I respectfully submit this declaration in response to the Court's order to show cause, dated October 4, 2017, directing Plaintiffs to "submit documentary evidence they are in receipt of demonstrating Defendant Strulovitch's interest in Fulton Street Holdings, LLC ("Fulton") or 1426-1436 Fulton Street in Brooklyn (the "Property")."

    3.    Attached hereto as **Exhibit 1** is a true and correct copy of the December 20, 2013 contract of sale for the Property (the "Contract") executed by Strulovitch, as "Purchaser," in his individual capacity and Porter Holding Company LLC, as seller.  As set forth in Section L of the Contract and in Section 3.1(i), an "Initial Deposit" of $200,000 was due to be paid at the "execution and delivery" of the Contract, "by wire transfer of immediately available funds" and made payable "to the order of 'Andrew Weltchek, Esq., as Attorney/Escrow Agent.'"

4.  Attached hereto as **Exhibit 2** is a true and correct copy of a publicly filed memorandum of contract evidencing the execution and delivery of the Contract by Strulovitch to the Seller (the "Memorandum of Contract").

5.  Fulton closed on the purchase of the Property on or about February 27, 2014.

6.  Attached hereto as **Exhibit 3** is Strulovitch's personal financial statement dated as of March 31, 2015, which was 13 months after closing on the Property.

7.  On this financial statement, Strulovitch expressly lists his interest in the Property and Fulton at 50% (*see* Row 77).

8.  These three documents alone establish Strulovitch's interest in both Fulton and the Property, and they are just the tip of the iceberg. Further, discovery in this lawsuit will further uncover how pervasive Strulovitch's fraud and Ponzi scheme actually are and how underhanded Strulovitch was in his business dealings with us.

9.  Additionally, documentary evidence also shows that Plaintiffs' funds were fraudulently diverted by Strulovitch and Oberlander in order to acquire the Property.

10. Attached hereto as **Exhibit 4** is a copy of a page of the bank statement of the escrow account of Judah Zelmanovitz, Esq., Strulovitch's lawyer, showing that Zelmanowitz wired the $200,000 Initial Deposit to the IOLA Account of Andrew Weltchek, Esq. on December 19, 2013.

11. The escrow account of Judah Zelmanovitz, Esq. is also one of the accounts into which Plaintiffs transferred monies to for the real estate investments complained of in this instant lawsuit.

12. Attached hereto as **Exhibit 5** is a copy of a ledger dated December 16, 2013, sent by Oberlander to Strulovitch three days before Strulovitch tendered the contract deposit for the Property.

13. The ledger is a snapshot of the transactions in which Oberlander was a partner with Strulovitch up to that date.

14. The document is largely in Hebrew, and as a result of the intervening Jewish holiday of Sukkot, we have not been able to commission a certified translation of the document.

15. However, I am fluent in Hebrew and can translate it.

16. I have included a full translation of the document as part of **Exhibit 5**.

17. As is evident, one column of the first page of the document lists properties in which both Strulovitch and Oberlander are partners. Some of these are Investment Properties in which Plaintiffs invested, and which are listed on Schedule A of the Second Amended Complaint. Others are Secret Properties listed on Schedule B of the Second Amended Complaint.

18. Line 32 on page 1 of the document lists the Property's address, 1426 Fulton Street, and states that as of December 16, 2013, Oberlander had sent to Strulovitch $200,000 in connection with the Property (the exact amount of the Initial Deposit).

19. This was 4 days before Strulovitch signed the Contract for which he needed the $200,000 Initial Deposit.

20. Page 2 of the document explains how Strulovitch and Oberlander sourced the $200,000.

21. On page 2 of the document, Oberlander writes that $95,000 of the $200,000 were transferred to the 1426 Fulton Street deal from the proceeds of a refinancing of the Investment Property located at 325 Franklin Avenue.

22. 325 Franklin Avenue is one of Plaintiffs' Investment Properties listed on Schedule A to the Second Amended Complaint.

23. Oberlander also states that he expected that the balance of $105,000 would be arriving at the bank the next day.

24. **Exhibit 6** is a copy of the December 18, 2013 wire reflecting the transfer of the remaining funds by Plaintiff Shimon Shenker to Strulovitch.

25. These funds were sent as a result of a solicitation by Oberlander and Strulovitch for Shenker to invest with them in a property located at 207 Ralph Avenue in Brooklyn, New York.

26. Instead of using Shenker's money to acquire and develop 207 Ralph Avenue, Strulovitch secretly used it for the Initial Deposit on the Property.

27. Plaintiffs respectfully request that the Court deny the relief sought in Fulton Street Holdings Letter, dated September 27, 2017, (ECF Dkt. No. 241) in its entirety, as well as all the other prior motions to vacate notices of pendency and to dismiss the second amended complaint filed by Defendants in this matter so that discovery can proceed to uncover this massive fraud.

28. I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on: October 10, 2017

*B. Schonberg*
Binyomin Schonberg