# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600, New York, New York 10165
(212) 697–6484, Fax (212) 697–7296

December 23, 2018

**Via ECF**
Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

Re: *Schonberg, et al. v. Strulovitch, et al.*, Case No. 17 Civ. 2161 (CBA) (RML)

Dear Judge Amon:

This firm represents most of the plaintiffs in the above-referenced action. We write to request a pre-motion conference, as plaintiffs intend to file a motion for leave to amend their complaint. The basic allegations of the proposed amended complaint do not differ greatly from those addressed by the Court's 2017 Memorandum and Order ("Order").[1] However, based upon these allegations, the proposed third amended complaint pleads viable claims for securities fraud, breach of fiduciary duty, and conversion that are not subject to any arbitration agreement.[2]

Background and Prior Proceedings

Defendants Strulovich and Oberlander (the "Individual Defendants") persuaded investors to collectively invest over $20 million in 22 parcels of real property (the "Schedule A Properties"). (Order at 4.) The Individual Plaintiffs transferred their money based upon false representations that the Individual Defendants made in prospectuses, including with respect to the properties' purchase price. (*Id.* at 4, 7-8.) In return for their funds, the Individual Plaintiffs were given interests in the twenty-two LLC Plaintiffs. (*Id.* at 5.) The LLC Plaintiffs, in turn, were given 45 percent interests in one of the Holding Company Defendants, which each held the title to one of the investment properties. (*Id.*) CSRE, an entity wholly owned by Oberlander and Strulovich, owns the remaining 55 percent in each Holding Company Defendant. (*Id.*) Strulovich and Oberlander are the managers of the LLC Plaintiffs and Holding Company Defendants. (*Id.*)

Rather than using the funds invested by plaintiffs to develop the Schedule A Properties, the Individual Defendants diverted the funds to support their own lifestyles, purchase and acquire properties held for their benefit, and purchase and develop the "Schedule B Properties" – properties that plaintiffs held no interests in. (Order at 8.) Plaintiffs' equity was used to make the Schedule B Properties profitable, while a majority of Schedule A Properties remained in various states of disrepair or were put in foreclosure. (*Id.*) Additionally, the Individual Defendants used

---

[1] All undefined capitalized terms shall have the meanings ascribed to them in the Order.
[2] It is unclear whether the other ten plaintiffs will join this motion. If they do not, then moving plaintiffs will seek to amend the complaint and sever their action.

the investment properties as collateral to secure loans for their own personal use and the Schedule B Properties. (*Id.*)

In the prior pleading, the Individual Plaintiffs and LLC Plaintiffs asserted federal securities claims against the Individual Defendants based upon the membership interests in Holding Company Defendants. (Order at 9, 38 n.14.) Plaintiffs also asserted claims for breaches of fiduciary duty by the Individual Defendants and CSRE in their roles as majority members and managers of the Holding Company Defendants. (Order at 9, 47; Second Am. Compl. ¶¶ 168-81.) The LLC Plaintiffs asserted claims for constructive trust against the corporate entities that own the Schedule B Properties, and claims for accounting against all defendants. (Order at 9.) Finally, plaintiffs asserted claims for cancellation of certain sales contracts, common law fraud, unjust enrichment, and constructive trust. (*Id.*)

Defendants moved to compel arbitration based upon 22 operating agreements (the "Holding Company Agreements") between the LLC Plaintiffs, some members of the LLC Plaintiffs, CSRE, and the Holding Company Defendants, each of which contained an arbitration clause. (Order at 13.) The Court held that "the LLC Plaintiffs and the Individual Plaintiffs who executed a Holding Company Agreement must arbitrate their claims against the Individual Defendants and the Holding Company Defendants for each agreement signed," though claims against other defendants were not arbitrable. (*Id.* at 30, 34.) However, Individual Plaintiffs who did not sign Holding Company Agreements could not be compelled to arbitrate their claims. (*Id.* at 33.) The Court, though, dismissed the non-signatory Individual Plaintiffs' securities claims because they did not "allege they purchased the securities that were manipulated," that is, the Individual Plaintiffs never purchased membership interests in the Holding Company Defendants. (Order at 36-38.) Finally, because the Court either dismissed or referred to arbitration plaintiffs' federal securities' claim – their sole federal cause of action – the Court declined to retain supplemental jurisdiction over plaintiffs' remaining state law claims. (*Id.* at 40.)

Plaintiffs' Proposed Amended Complaint

The Individual Plaintiffs purchased membership interests in the LLC Plaintiffs based upon the Individual Defendants' false representations. Accordingly, the proposed amended complaint pleads a claim for securities fraud based upon the Individual Plaintiffs' purchase of membership interests in the LLC Plaintiffs, rather than membership interests in the Holding Company Defendants, as previously pleaded. This securities claim is not within the scope of the arbitration agreement because it does not "relat[e] to this [Holding Company] Agreement." In inducing the purchase of membership interests *in the LLC Plaintiffs*, the Individual Defendants' misrepresentations did not touch upon the Holding Company Agreements. Among other things, they misrepresented their intention to divert some of the money before it even reached LLC Plaintiffs' accounts, let along the Holding Company Defendants' accounts. In any event, the non-signatory Individual Plaintiffs can inarguably litigate this claim in court.[3]

---

[3] Since defendants may try to establish that the Individual Plaintiffs' funds were not transferred in consideration for any securities at all, the proposed amended complaint pleads, in the alternative, claims pursuant to Racketeer Influenced and Corrupt Organizations Act based upon defendants' wide-ranging scheme involving mail and wire fraud.

2

The proposed amended complaint also asserts a claim by the LLC Plaintiffs for breach of fiduciary duty by Strulovich and Oberlander *as managers of the LLC Plaintiffs*. This claim is not arbitrable, for two reasons. *First*, because the Individual Defendants were not parties to the arbitration agreement, they are covered only to the extent a claim originates from their roles within the other signatories, *i.e.,* the Holding Company Defendants or CSRE. This claim, though, is based on their role as managers of the LLC Plaintiffs.

*Second*, to the extent the Holding Company Agreements covered the internal relationship between the LLC Plaintiffs and their managers, it was unauthorized and ineffective. The Court held that the Holding Company Agreements bound the LLC Plaintiffs because Strulovich "had the authority to bind corporations he managed to contracts *with third parties* under New York law." (Order at 16 (emphasis added).) Therefore, the LLC Plaintiffs' claims for breach of fiduciary duty by the Individual Defendants *as managers of the Holding Companies* were arbitrable. But the Court only held that the authority to bind the LLC Plaintiffs to the *external* agreement with the Holding Company Defendants[.]" (*Id.* at 18 (emphasis in original).) It was "unnecessary for the Court to resolve" whether "the specific terms of the Holding Company Agreements governing the internal management of the LLC are effective." (*Id.* at 17.) But to the extent the agreements purport to govern the internal relationship between the LLC Plaintiffs and their managers, they include articles of operation for the LLC Plaintiffs. And "[i]t is correct, as plaintiffs contend, that [NY LLC Law] § 402(c)(3) requires a majority vote 'to adopt, amend, restate or revoke the articles of organization or operating agreement....'" (Order at 17.) Thus, those provisions of the Holding Company Agreements are ineffective vis-à-vis the Individual Defendants' actions and duties as managers of the LLC Plaintiffs. Likewise, any attempt by defendants to construe such provisions as some sort of *external* agreement between the LLC Plaintiffs and the Individual Defendants would be unavailing. LLC Law § 411(b) renders voidable any agreement between a limited liability company and its manager that was entered into solely by dint of the manager's authority. Accordingly, the proposed claim for breach of fiduciary duty is not arbitrable.

The proposed amended complaint also asserts a claim for conversion of the LLC Plaintiffs' funds. The conversion took place before the transfer of funds to the Holding Company Defendants. As the Individual Defendants are not parties to the arbitration agreement and the claim does not originate from the Individual Defendants' roles in the Holding Company Defendants or CSRE, the claim is not arbitrable. Likewise, the claim is not arbitrable because the conversion in no way related to the Holding Company Agreements. Finally, the proposed pleading asserts a fiduciary duty claim derivatively on behalf of the Holding Company Defendants. The Individual Defendants were appointed managers by CSRE, not by the Holding Company Agreements. Thus, the Holding Company Defendants can bring a fiduciary duty claim against managers who were not parties to the arbitration agreement.

Since the Court's 2017 decision, plaintiffs have sought an agreement with defendants on an arbitral body to determine all claims, including those not subject to the Holding Company Agreements' arbitration provisions. Unfortunately, the parties have been able to agree on neither arbitrators nor arbitration rules that would ensure a fair and thorough determination of the facts and claims. Accordingly, plaintiffs now wish to proceed expeditiously with the litigation of their non-arbitrable claims.

For the foregoing reasons, plaintiffs should be granted leave to amend their complaint.

                                          Respectfully yours,
                                          /s
                                          Yitzchak Eliezer Soloveichik

Cc: All parties (via ECF)