

**Avery S. Mehlman**
**Partner**
Phone: 212.592.5985
Fax: 212.545.3424
amehlman@herrick.com

December 28, 2018

**VIA ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Schonberg et al. v. Strulovich et al.* - Case No. 17-cv-2161

Dear Judge Amon:

The Defendants represented by Herrick, Feinstein, LLP ("Defendants") write in response to the letter dated December 23, 2018 ("Letter") from "most of the plaintiffs" in which "most of the plaintiffs" bizarrely attempt to resuscitate this litigation with a fourth pre-answer complaint that "do[es] not differ greatly" from the Second Amended Complaint ("SAC") that this Court dismissed nearly fourteen (14) months ago. It is unclear which of the plaintiffs are joining in the application but it apparently may or may not include at least 10 plaintiffs who filed the SAC.

The Plaintiffs' desperate efforts to file a fourth pre-answer complaint, fourteen (14) months after the Court dismissed the SAC, is frivolous. On November 2, 2017, this Court dismissed the SAC as follows: (i) the LLC Plaintiffs and individual plaintiff signatories to the Holding Company Agreements ("Signatory Plaintiffs") were directed to arbitrate; (ii) the individual plaintiffs who did not execute the Holding Company Agreements ("Non-Signatory Plaintiffs") were not directed to arbitration but had their federal securities fraud claim dismissed pursuant to FRCP 12(b)(6); and (iii) because the Court declined to exercise supplemental jurisdiction over the remaining state law claims filed by the Non-Signatory Plaintiffs, those claims were dismissed "without prejudice to refile in state court." *See* Memorandum & Order, filed November 2, 2017 (DE 257) (the "Order"), which is annexed hereto as **Exhibit 1**. **Plaintiffs did not appeal the Order. No Plaintiff has filed a related action in state court**.

Shortly after the Order was entered, Defendants served an arbitration demand, which is annexed hereto as **Exhibit 2**. In the demand, Defendants identified their chosen arbitrator and stated that if the parties could not agree on an arbitrator within 45 days, Rabbi Rosenberg would select the arbitrator in accordance with § 13(d) of the Holding Company Agreements, an example of which is annexed hereto as **Exhibit 3**. Thereafter, counsel for Defendants and prior counsel for Plaintiffs began working in earnest on the specific terms and procedure for a global arbitration that would include all of the Plaintiffs, including the Non-Signatory Plaintiffs. Plaintiffs were steadfast that Defendants' chosen arbitrator was not agreeable but that they would consider Rabbi Rosenberg as the arbitrator.

In their letter, Plaintiffs claim that "Unfortunately, the parties have been able to agree on neither arbitrators nor arbitration rules that would ensure a fair and thorough determination of the facts and claims [and that as a result] plaintiffs now wish to proceed expeditiously with the litigation of their non-arbitrable claims." That is a farce and a transparent effort to circumvent the Order. Indeed, after a series of extensions, on April 23, 2018, Plaintiffs formally rejected the appointment of Defendants' chosen




arbitrator. *See* **Exhibit 4**. Rabbi Rosenberg stated that he would appoint himself in accordance with the Holding Company Agreements but only if Plaintiffs confirmed his appointment. Plaintiffs initially considered the appointment and then went completely silent, leading Defendants to believe that Plaintiffs had abandoned their claims. Alternatively, Plaintiffs had violated the Order and Holding Company Agreements by not proceeding to arbitrate in good faith.

Defendants remain ready, willing, and able to arbitrate in accordance with the Holding Company Agreements and the Order. Indeed, in the summer of 2018, one of the individual plaintiffs approached a non-lawyer representative of Defendants about arbitration again. Plaintiffs proposed an arbitration panel with three arbitrators they identified and Defendants agreed and signed the arbitration agreement proposed by Plaintiffs. However, Plaintiffs then did a 180, and provided 'take it or leave it' proposed terms for arbitration with three arbitrators of their choosing, which also contained draconian requirements that would jeopardize the at-issue properties. As a fiduciary of the Holding Company Defendants, Strulovitch could not possibly enter into that agreement. Plaintiffs were fully aware that Defendants could never agree to their ultimatum and now, four (4) months after Defendants rejected the proposed "agreement," Plaintiffs are using that phony effort to arbitrate as a launching pad back into Federal Court. Even if the Court were to believe Plaintiffs' claim that global arbitration is not possible, the parties that were directed to arbitrate are still obligated to do so pursuant to the Holding Company Agreements and the Order. Plaintiffs dilatory efforts are rendering the at-issue Properties valueless as Defendants cannot obtain the financing necessary to operate with the threat of litigation overhanging.

In any event, the Court should not give any credence to Plaintiffs' fourth attempt to file a complaint. By the Order, the Court dismissed the state law claims "without prejudice to refile in state court" but the federal securities fraud claim was dismissed pursuant to FRCP 12(b)(6), and thus **with prejudice**.[1] A case dismissed with prejudice means that it is closed and the "plaintiff will not be able to file another amended complaint."[2] Thus, leave to amend must be denied.

Moreover, the proposed amendments, which Plaintiffs state "do not differ greatly" from those addressed in the Order, would be futile. In the Order, the Court dismissed the Non-Signatory Plaintiffs' securities fraud claims on the grounds that they did not actually purchase securities that were allegedly manipulated – i.e., they did not purchase membership interests in the Holding Company Defendants; rather they only purchased "an indirect membership interest in the holding companies." Order at 37-39 & n. 13. In order to evade this finding, Plaintiffs now conveniently claim that the securities fraud was not with respect to the Holding Company Defendants, but actually related to the Individual Plaintiffs' investments in the LLC Plaintiffs, whose sole purpose was to invest in the Holding Company Defendants. These are not new facts; Plaintiffs are simply changing their legal theory fourteen months after the SAC was dismissed ***with prejudice***. This is not a basis to grant leave to amend.[3]

---

[1] *See VanBrocklen v. Dep't of Homeland Sec.*, No. 1:12–CV–003 (GTS/ATB), 2012 WL 2873373, *3 (N.D.N.Y. July 12, 2012) ("Furthermore, where a district court does not specify whether its dismissal of an action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is with or without prejudice, it is presumed that the dismissal is with prejudice."); *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 357 (S.D.N.Y. 2010) ("A dismissal pursuant to Rule 12(b)(6) is, of course, a dismissal with prejudice.").

[2] *Arutyunyan v. Fields*, No. 17-CV-5009 (AMD), 2018 WL 3966239, at *4 (E.D.N.Y. Aug. 17, 2018)

[3] *See Wrenn v. New York City Health & Hosps. Corp.*, 104 F.R.D. 553, 559 (S.D.N.Y. 1985) (denying leave to amend complaint where leave was sought 17 months after plaintiff retained counsel on the grounds of undue delay where proposed amendment "asserts new theories only and was not offered because any new facts came to plaintiff's attention"); *Church of Scientology of California v. Siegelman*, 94 F.R.D. 735, 739 (S.D.N.Y.1982) (denying motion to amend where only



Furthermore, as the second paragraph of the Letter makes clear, the Individual Plaintiffs got exactly what was promised when investing in the LLC Plaintiffs: an interest therein and an indirect interest in the Holding Company Defendants. There was no securities fraud as Plaintiffs so desperately assert. The proposed amendment to the SAC is therefore futile.[4] Given Plaintiffs' position that arbitration is not possible, all of the Plaintiffs' securities fraud claims (not just the Non-Signatory Plaintiffs) should now also be dismissed with prejudice.[5]

Plaintiffs do not hide from the fact that they are trying to avoid arbitration, which this Court directed and in which Plaintiffs refused to participate. They argue that: (i) because their new securities fraud claim is based on the Individual Plaintiffs' purchase of membership interests in the LLC Plaintiffs, rather than membership interests in the Holding Company Defendants "[it] is not within the scope of the of the arbitration agreement because it does not 'relat[e] to this [Holding Company] Agreement;" (ii) the Individual Defendants breached their fiduciary duties as managers of the LLC Plaintiffs and thus their breach of fiduciary duty claim is not arbitrable; and (iii) because the conversion of the LLC Plaintiffs' funds "took place before the transfer of funds to the Holding Company Defendants" a conversion claim is not arbitrable. Those arguments are belied by prior pleadings, the Letter, and the Holding Company Agreements.

Indeed, the Holding Company Agreements provide that "[i]n case of any doubt, question or other disagreement among the parties to this agreement about anything pertaining to this Agreement" the parties shall proceed to arbitration. *See* Ex. 3, § 13(d). The second paragraph of the Letter makes clear that the Individual Plaintiffs invested moneys with the LLC Plaintiffs, who in turn invested those moneys with the Holding Company Defendants, and, in return, the LLC Plaintiffs received a 45% interest in the Holding Company Defendants through a joint venture with CSRE. It is a futile and nonsensical argument to now claim the breach of fiduciary duty was related to the Individual Defendants' role as manager of the LLC Plaintiffs or that funds were converted for the Individual Plaintiffs' benefit prior to investment in the Holding Company Defendants when Plaintiffs admit the LLC Plaintiffs' funds were invested in the Holding Company Defendants and the LLC Plaintiffs received a financial interest therein. If there was mismanagement, which there was not, the Signatory Plaintiffs can resolve those matters via arbitration, as already directed by this Court, and the Non-Signatory Plaintiffs can litigate in state court, as already held by this Court. The proposed amendment to the SAC is therefore futile and leave to amend should be denied.

---

justification for three-year delay was counsel's overlooking legal theory); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 952–53 (S.D.N.Y.1983) (noting that "the liberality with which a court grants leave to amend does not impart to litigants the privilege of reshaping their legal theories endlessly, even where there is no evidence of improper motive or dilatory tactics."), *aff'd*, 730 F.2d 910 (2d Cir.1984); *Church of Scientology Int'l v. Time Warner, Inc.*, 92 Civ. 3024(PKL), 1998 WL 575194 at *2 (S.D.N.Y. Sept. 9, 1998) (denying Plaintiff's request to amend the Complaint after a new attorney identified a new legal theory), *aff'd sub nom., Church of Scientology Int'l v. Behar*, 238 F.3d. 168 (2d Cir.2001); *Berns v. EMI Pub., Inc.*, No. 95 CIV. 8130 (KTD), 1999 WL 1029711, at *5 (S.D.N.Y. Nov. 12, 1999) ("Moreover, a change in counsel, or the dissatisfaction with the manner in which previous counsel pleaded claims, as Plaintiffs suggest is the reason for their delay, cannot excuse undue delay in moving to amend.")

[4] *See, e.g., Offor v. Mercy Med. Ctr.*, 676 F. App'x 51, 54 (2d Cir. 2017) ("Offor amended her original complaint once, and moved to amend the complaint again after defendants had filed a motion to dismiss. The district court did not abuse its discretion in dismissing the complaint with prejudice and denying her a fourth attempt.").

[5] Plaintiffs state in a footnote that they will file some amorphous alternative RICO claim as a basis to stay in Federal Court based on a "wide-ranging scheme involving mail and wire fraud." This is complete bunk and should not be entertained by this Court.




Respectfully submitted,

/s/ Avery S. Mehlman

Avery S. Mehlman