UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JACOB SCHONBERG, BINYOMIN SCHONBERG,
BINYOMIN HALPERN AND RAPHAEL
BAROUCH ELKAIM et al.,

           **Plaintiffs,**

    -against-

YECHEZKEL STRULOVICH a/k/a CHASKIEL
STRULOVICH, YEHIEL OBERLANDER a/k/a
MICI OBERLANDER a/k/a MIHAY
OBERLANDER, et al.,

           **Defendants.**

------------------------------------------------------------------- x

No. 17-cv-2161
(CBA)(RML)

**DEFENDANT FULTON STREET HOLDNGS LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' "PRE-MOTION" FOR LEAVE TO AMEND**

                   TUTTLE YICK LLP
                   Gregory O. Tuttle
                   220 East 42nd Street, 29 Floor
                   New York, New York 10017
                   (646) 833-0300
                   *Attorneys for Defendant*
                   *Fulton Street Holdngs LLC*

Defendant Fulton Street Holdngs LLC ("**Fulton**") respectfully submits this short memorandum of law in opposition to Plaintiff's application — improperly stylized as a "pre-motion" — to file yet another amended complaint, its fourth attempt at a viable pleading in this action (the "**Motion**"). Fulton submits that Plaintiffs' Motion should be denied for the reasons set forth in the opposition filed by the Defendants represented by Herrick, Feinstein LLP and hereby joins that brief in its entirety.

Fulton writes separately only to underscore that Plaintiff's submission does not even mention — let alone relate to — any allegations against Fulton. *See generally* Dkt. No. 267. This is not surprising. Fulton was named in the previous complaints, not because of any allegations of misconduct on the part of Fulton, but under a meritless "constructive trust" theory so that Plaintiffs could file a notice of pendency on the relevant property for some kind of leverage. In all events, as Plaintiffs' submission fails to even pay lip service to these prior dubious claims — putting aside why yet another pleading should be permitted nearly a year and a half after dismissal — Plaintiffs' request to file a third amended complaint as against Fulton, to the extent there is any such request, must be denied.

Moreover, Plaintiffs failed to include in its motion a proposed amended complaint without which it is impossible to formulate an informed response. This alone requires rejection. *See, e.g.*, *Nabatkhorian v. Cty. of Nassau*, No. 12-CV-1118(JS)(GRB), 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012) (denying motion to amend complaint for failing to include proposed amendment in motion papers); *Kneitel v. Danchuk*, No. 04CV0971(NGG)(LB), 2007 WL 4441224, at *8 (E.D.N.Y. Dec. 17, 2007) (same); *McGee v. Dunn*, 940 F. Supp. 2d 93, 109–10 (S.D.N.Y. 2013) (denying motion to amend; "[t]o obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading"). Indeed, without the proposed

pleading, Fulton has no way of knowing if it is even still a named defendant, and thus whether any response (including this one) is required.

For the reasons set forth above, and for those set forth in the opposition papers submitted by the Defendants represented by Herrick, Feinstein LLP, the Motion should be denied in its entirety.

Dated: New York, New York
February 20, 2019

Respectfully submitted,

TUTTLE YICK LLP

By: _____
Gregory O. Tuttle
220 East 42nd Street, 29th Floor
New York, New York 10017
(646) 833-0300

*Attorneys for Defendant*
*Fulton Street Holdngs*