UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JACOB SCHONBERG, BINYOMIN SCHONBERG,   :
BINYOMIN HALPERN AND RAPHAEL BAROUCH   :
ELKAIM, et al.,   :
   :
   :   No. 17-cv-2161 (CBA)(RML)
                          Plaintiffs,   :
   :
           - against -   :
   :
YECHEZKEL STRULOVICH a/k/a CHASKIEL   :
STRULOVICH, YECHIEL OBERLANDER a/k/a MICI :
OBERLANDER a/k/a MIHAY OBERLANDER, et al.,   :
   :
                       Defendants.   :
------------------------------------------------------------------x

**PLAINTIFFS' PRE-MOTION REPLY BRIEF IN SUPPORT OF LEAVE TO AMEND**

Plaintiffs respectfully submit this pre-motion reply brief in support of leave to amend the Complaint.[1]

## I. LEAVE TO AMEND SHOULD BE GRANTED BECAUSE PLAINTIFFS HAVE ENGAGED IN NO UNDUE DELAY OR BAD FAITH AND THE AMENDMENT WOULD CAUSE NO PREJUDICE TO DEFENDANTS

Defendants do not deny that "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Portelos v. City of N.Y.*, 2015 U.S. Dist. LEXIS 123261, at *4-5 (E.D.N.Y. Sept. 15, 2015). And leave to amend has been granted after significantly greater delay than here. *See Margel v. E.G.L. Gem Lab Ltd.*, 2010 U.S. Dist. LEXIS 10622, at *29-30 (S.D.N.Y. Feb. 8, 2010) (collecting Second Circuit cases allowing amendments after delays from two to five years). Nor do defendants claim that there was bad faith – seeking tactical advantage from the amendment – or that they would suffer any prejudice. Accordingly, irrespective of delay, leave to amend is appropriate.

Furthermore, the record does not even support defendants' contention that there was undue delay. Defendants allege that Rabbi Rosenberg ("Rosenberg") informed Plaintiffs' counsel that he would appoint himself as arbitrator if the parties agreed to it. This allegation is simply untrue. (Elkaim Reply Decl. ¶¶ 2-3, Halpern Reply Decl. ¶ 2.) Defendants offer no declaration from Rosenberg to attest to this allegation, and the documentary record belies it. After Rosenberg supposedly told defendants' representative that he had communicated this offer to Plaintiffs' counsel, defendants' counsel wrote the following in an email to Rosenberg: "I am writing to follow up on the below email and letter *as we have not yet heard from you*." (Halpern Decl., Ex. 3.) Nothing in this email suggests that defendants were waiting on a response from

---

[1] Bronstein, Gewirtz & Grossman LLC ("BG&G") represents all of the plaintiffs in this action except Shimon Asulin, Clara Grossman, Irving Grossman, David Schonfeld, and Pnina Schonfeld. This brief is filed on behalf of the plaintiffs represented by BG&G ("Plaintiffs"). All undefined capitalized terms have the meanings ascribed to them in the Court's 2017 Memorandum and Order (the "Order") and Plaintiffs' opening pre-motion brief.

1

Plaintiffs rather than Rosenberg, *from whom defendants had not yet heard*.[2]

Thereafter, in August and September of 2018, Plaintiffs sought to reach an agreement with defendants on an arbitrator and arbitration rules to determine all of the claims between the parties. Defendants express outrage at the comprehensive scope of the proposed arbitration agreement, yet it was entirely reasonable for Plaintiffs to ensure that the arbitrators were fully empowered to obtain necessary discovery and that the arbitral decision was binding on all interested parties. Moreover, nothing in the proposed agreement was contrary to Jewish law.[3] (Halpern Reply Decl. ¶ 5.) Thus, there was no undue delay in seeking leave to amend.

## II. DISMISSAL OF ONE CLAIM UNDER RULE 12(b)(6) DOES NOT AUTOMATICALLY PRECLUDE LEAVE TO AMEND

Defendants offer no support for the contention that a court order dismissing a claim under Rule 12(b)(6), without dismissing the entire complaint or the entire action, automatically denies leave to amend. Defendants insist that the burden of disproving their novel argument rests on Plaintiffs. Plaintiffs bear no such burden, especially as logic does not support defendants' argument. But, in any event, courts have held that even the dismissal of an entire complaint, without dismissal of the action, permits an application for leave to amend. *See Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) ("If, however, the 'order does not expressly or by clear implication dismiss the action'...the order only dismissed the complaint, and thus the party may amend under Rule 15(a) with the court's permission.") (quoting *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 835 (5th Cir. 1992)). Leave to amend is appropriate where, as here, the action is active and the Court never stated that it dismissed the non-signatory Individual

---

[2] Moreover, Plaintiffs had no obligation to agree voluntarily to the appointment. Defendants do not suggest that Rosenberg needed Plaintiffs' approval before he could appoint himself pursuant to the arbitration agreements.
[3] Defendants express indignation at the notion that an English-language arbitration agreement with broad discovery devices would be more befitting of a rabbinical arbitration panel than a short Hebrew agreement. (Opp. Bf. at 8.) Plaintiffs never made such a claim. The proposed agreements were more befitting of a rabbinical arbitration panel *than the agreement prepared for arbitration before Justice Schmidt*. (Halpern Dec. ¶¶ 12-14; Pre-Motion Bf. at 6.)

Plaintiffs' securities claim with prejudice or that it denied leave to amend the claim.

### III. THE PROPOSED AMENDED SECURITIES FRAUD CLAIM IS VIABLE

Since the Individual Plaintiffs have standing to assert a securities fraud claim based upon their direct purchase of the LLC Plaintiff membership interests, defendants now argue that the membership interests are not securities because Strulovich was not the manager of the LLC Plaintiffs.[4] But the Court has already held, "pursuant to a standard similar to that applicable for a motion for summary judgment" (Order at 11), that Strulovich was the manager of the LLC Plaintiffs. This holding was the entire basis for the Court's referral of many LLC Plaintiff claims to arbitration.[5] To the extent defendants seek the Court's reconsideration of its earlier ruling, as the Court may do in its discretion,[6] Plaintiffs welcome such reconsideration.

But the securities claim is valid irrespective of Strulovich's technical status. The Second Circuit has held that, for the third prong of the *Howey* test, courts must evaluate whether "the reasonable expectation was one of significant investor control." *U.S. v. Leonard*, 529 F.3d 83, 85 (2d Cir. 2008). The relevant question is whether, "notwithstanding the organizational documents drafted to suggest active participation by members, the defendants sought and expected passive investors for [the LLCs], and therefore the interests that they marketed constituted securities." *Id.* at 91. Here, Plaintiffs' allegations "do not permit the Court to find an expectation at the time of the transaction of 'significant investor control.'" *Uni-World Capital, L.P. v. Preferred Fragrance, Inc.*, 2014 U.S. Dist. LEXIS 109919, at *22 (S.D.N.Y. Aug. 8, 2014). As set forth in the Second Amended Complaint and in the Holding Company

---

[4] The proposed amendment would also assert a RICO claim in the alternative, precisely because defendants might seek to establish that the Individual Plaintiffs never purchased securities.
[5] A recent state court filing by Strulovich stated that pursuant to this Court's Order, only Strulovich could act on behalf of the LLC Plaintiffs, to the exclusion of the LLC Plaintiffs' members. (Halpern Reply Decl., Ex. A at 5.)
[6] *See Mallard v. Potenza*, No. 94-CV-223 (CBA), 2007 U.S. Dist. LEXIS 86336, at *11 n.2 (E.D.N.Y. Nov. 21, 2007) ("[A]pplication of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.").

3

Agreements, the parties reasonably expected that the LLC Plaintiffs' affairs were to be managed by Strulovich and Oberlander. Although the LLC Plaintiffs' members later authorized this litigation, "plaintiffs' actions following the transaction, including steps they allegedly took to manage the business . . . may, or may not, bear on whether the parties *at the time of the transaction* reasonably expected 'significant investor control.'" *Id.* at \*24 (emphasis in original).[7]

## IV. THE AMENDED SECURITIES FRAUD CLAIM IS NOT ARBITRABLE

Defendants offer no support for their argument that, because LLC Plaintiffs were planning on investing in the Holding Company Defendants, *any* misrepresentation about the LLC Plaintiffs relates to the Holding Company Agreement and is arbitrable for signatory Individual Plaintiffs. Nor is this proposition logical. For example, the Individual Defendants' misrepresentation of their intention to divert funds before they even reached LLC Plaintiffs' accounts clearly did not relate to the Holding Company Agreements.

## V. THE PROPOSED COMMON LAW CLAIMS ARE NOT ARBITRABLE

Defendants do not even attempt to rebut Plaintiffs' legal argument that the proposed breach of fiduciary duty claim by the LLC Plaintiffs against the Individual Defendants is an internal matter that Strulovich could not alter through the Holding Company Agreements. Instead, Defendants suggest that the Court already found otherwise, because the Court referred to arbitration the claims for accounting, fraud, and unjust enrichment, which included some allegations about harms committed within the LLC Plaintiffs, rather than just the Holding Company Defendants. But the Court made very clear that it was "unnecessary for the Court to resolve" whether "the specific terms of the Holding Company Agreements governing the internal management of the LLC are effective." (Order at 17.) Thus, the Court explicitly disclaimed the

---

[7] Defendants refer the Court to their prior briefing for additional reasons why Plaintiffs' securities fraud claim fails. Plaintiffs likewise refer the court to their prior briefing for the response to these arguments.

4

referral to arbitration for any *internal* LLC Plaintiff claims. Furthermore, even if the Court had referred claims relating to harms committed within the LLC Plaintiffs, it would have done so solely because the court could not refer to arbitration only parts of individual claims by the same plaintiffs against the same defendants. *See Powers Distrib. Co. v. Grenzebach Corp.*, No. 16-12740, 2017 U.S. Dist. LEXIS 107624, at *8-9 (E.D. Mich. July 12, 2017) (where arbitrable and non-arbitrable claims remain grouped together, "[t]he Court knows of no authority that would permit the Court to reform the complaint and to split one claim into multiple claims. Without such authority, each claim as drafted cannot be maintained without reference to [the arbitrable allegations] meaning the Court must send the claims to arbitration."). The referral of those hybrid claims would have no implication for the proposed purely non-arbitrable claims.[8]

The proposed derivative fiduciary duty claim on behalf of Holding Company Defendants is not arbitrable because it does not originate from the Individual Defendants' roles in the other signatories. Nor would there be a conflict in asserting this claim, because the proposed amendment would drop the Holding Company Defendants as defendants.

## VI. PLAINTIFFS' PROPERLY SUBMITTED PRE-MOTION BRIEFING

The Court's "scheduling order" did not grant Plaintiffs permission to make a motion for leave to amend; rather, it directed briefing to address why leave to amend was appropriate, without the necessity of filing a formal motion annexing the proposed amended complaint. Plaintiffs' briefing sufficiently explains the proposed causes of action for this purpose. As noted in the opening brief, the amendment would include additional specific details about defendants' false representations, to address their previous argument that the securities fraud claim was not pled with sufficient particularity; additional details would also be included for the RICO claim.

---

[8] In addition, the proposed amended complaint would split these hybrid claims into individual arbitrable and non-arbitrable claims.

5

## CONCLUSION

For the reasons set forth in this pre-motion reply brief, Plaintiffs should be granted leave to amend the complaint.

Dated: February 27, 2019

                                              BRONSTEIN, GEWIRTZ & GROSSMAN, LLC

                              By:    /s/ Yitzchak Eliezer Soloveichik
                                              Yitzchak Eliezer Soloveichik (YS9703)
                                              60 East 42nd Street, Suite 4600
                                              New York, New York 10165
                                              (212) 697-6484
                                              soloveichik@bgandg.com