

**Avery S. Mehlman**
**Partner**
Phone: 212.592.5985
Fax: 212.545.3424
amehlman@herrick.com

August 21, 2019

**VIA ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>*Schonberg et al. v. Strulovich et al.* - Case No. 17-cv-2161</u>

Dear Judge Amon:

The Defendants represented by Herrick, Feinstein, LLP ("Defendants") in this Action[1] write in response to the letter dated August 16, 2019 ("Letter") from "most of the plaintiffs" in which "most of the plaintiffs" informed the Court that bankruptcy petitions were filed on behalf of twelve of the Defendants in this Action and that they were "analyzing the effect of these bankruptcy proceedings upon this action and how best to proceed." Four of those twelve bankruptcy petitioners are Schedule A Defendants and the remaining eight are Schedule B Defendants.

According to the bankruptcy filings, the lender for these twelve debtors was originally Signature Bank, who, on May 17, 2017 (shortly after this Action was filed), assigned its loans to an entity known as Brooklyn Lender LLC, an affiliate of Maverick Real Estate Partners LLC, whose business model involves predatory purchases of loans and mortgages for the purpose of defaulting borrowers. Thereafter, Maverick then asserted a series of non-monetary technical defaults relying exclusively on the false allegations set forth in this Action. *See, e.g., In re 53 Stanhope LLC*, et al, Case No. 19-23013, Doc. 30, ¶¶ 7-21.

We have been informed by bankruptcy counsel that these petitions were filed pursuant to Chapter 11 of the Bankruptcy Code and that, as a result, this proceeding against each of the twelve bankruptcy petitioners is automatically stayed pursuant to § 362 of the Bankruptcy Code, which stays "the commencement or continuation … of a judicial … action or proceeding against the debtor…"

In light of the web of claims against all of the Defendants, this Action should be stayed in its entirety pending the resolution of the bankruptcy actions. A brief recitation of the allegations of the Second Amended Complaint, a copy of which is annexed hereto as **Exhibit 1**, is set forth below:

---

[1] CSRE LLC, CS Construction Group LLC, Good Living Management LLC, 908 Bergen Street LLC, 901 Bushwick Avenue LLC, 106 Kingston LLC, 1213 Jefferson LLC, Gates EquityHoldings LLC, 1078 Dekalb LLC, 618 Lafayette LLC, 74 Van Buren LLC, 762 Willoughby LLC, 454 Central Avenue LLC, 855 Dekalb Avenue LLC, 720 Livonia Development LLC, 853 Lexington LLC, 657-665 5th Avenue LLC, Willoughby Estates LLC, 73 Empire Development LLC, 980 Atlantic Holdings LLC, 325 Franklin LLC, 945 Park Pl LLC, 1301 Putnam LLC, 348 St. Nicholas LLC, CSY Holdings LLC, APC Holding 1 LLC, 53 Stanhope LLC, The Howard Day House LLC, 55 Stanhope LLC, 599-601 Willoughby LLC, 1217 Bedford LLC, 1266 Pacific LLC, 167 Hart LLC, 741 Lexington LLC, and 296 Cooper LLC.



The Individual Defendants, Strulovitch and Oberlander, allegedly persuaded 180 investors (only 42 of which are plaintiffs) to indirectly invest in twenty-two separate properties (the "Schedule A Properties").[2] The Schedule A Properties are owned by the Schedule A Defendants (which are identified in charts at the end of the Second Amended Complaint). To arrive at their alleged interests in the Schedule A Properties, the Individual Plaintiffs first allegedly received interests in the twenty-two LLC Plaintiffs, which then allegedly received a 45% percent interest in one of the Schedule A Defendants, through certain Holding Company Agreements. The Individual Defendants allegedly diverted the Plaintiffs' investment funds to purchase and develop the Schedule B Properties (through the Schedule B Defendant entities), which led to the subject lawsuit. As set forth above, four of the Schedule A Defendants and eight of the Schedule B Defendants have filed bankruptcy petitions.

Notably, the Second Amended Complaint does not explain which Schedule B Defendants received which moneys. Rather, Plaintiffs sought a "constructive trust over the [Schedule B] Properties and a judgment (i) declaring that such properties be re-conveyed to Plaintiffs pursuant thereto and (ii) …divesting the [Schedule B Defendants] of title to the [Schedule B] Properties and vesting title to it in the LLC Plaintiffs…" Second Amended Complaint ¶ 167.

By the Court's Memorandum and Order, dated November 1, 2017 (the "Order"), the Court compelled the LLC Plaintiffs and the Individual Plaintiffs who signed agreements with the Schedule A Defendants to arbitration. *Id.* at 36. With respect to the parties not compelled to arbitration, the Court dismissed the securities fraud claims and declined to exercise supplemental jurisdiction over the remainder of the state law claims. Fourteen months after the dismissal, Plaintiffs sought to amend their claims and oral argument on that motion is scheduled for September 5, 2019. A copy of the memorandum in support of that motion, which does not attach a copy of the proposed third amended complaint, is annexed hereto as **Exhibit 2**.

The proposed amendment seeks to add a claim for conversion of the LLC Plaintiffs' funds. While there are no details alleged in the proposed amendment, it is reasonable to assume that this relates to the allegations in the Second Amended Complaint that funds were diverted to the Schedule B Defendants. Additionally, the proposed amendment will also attempt to assert derivative claims on behalf of the Schedule A Defendants, for breach of fiduciary duty against the Individual Defendants, as well as some vague alternative RICO claim.

It is impossible to litigate this Action without four of the Schedule A Defendants (with whom certain of the Individual Plaintiffs allegedly indirectly invested moneys) and eight of the Schedule B Defendants (to whom the Individual Defendants allegedly diverted Plaintiffs' moneys for their own beneficial use). Such piecemeal litigation will result in incomplete discovery, the absence of necessary parties, and the potential for inconsistent findings. Indeed, per the Second Amended Complaint itself, it is unclear which Plaintiffs invested (indirectly) in which entities.

Indeed, findings in this Action against the non-debtor defendants, which would be based on allegations arising from a common nucleus of operative facts, will certainly affect the debtors' estates. For example, if it is found that the Individual Defendants converted the LLC Plaintiffs' funds for investments into the Schedule B Properties (which they did not do), all Schedule B Defendants will be impacted by that decision, including the debtors. The same goes if the Court decides to impose a constructive trust over the Schedule B Defendants. By proceeding with this Action against the non-debtors, the debtors would be prejudiced in its defenses.

---

[2] Notably, not all investors invested in the same properties; the Second Amended Complaint is unclear on this point.



      Accordingly, Defendants respectfully submit that the entirety of this Action be stayed pending the resolution of the bankruptcy actions.

      Respectfully submitted,

      /s/ Avery S. Mehlman

      Avery S. Mehlman