# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600, New York, New York 10165
(212) 697–6484, Fax (212) 697–7296

September 23, 2019

**Via ECF**
Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

      Re: <u>Schonberg, et al. v. Strulovitch, et al.</u>, Case No. 17 Civ. 2161 (CBA) (RML)

Dear Judge Amon:

      This firm represents most of the plaintiffs in the above-referenced action (the "Action").[1] We write in response to the letter from the defendants represented by Herrick, Feinstein, LLP ("Defendants"), dated September 13, 2019, which requested that this entire Action be stayed pending the resolution of bankruptcy proceedings involving several of the defendants. Defendants concede that the automatic bankruptcy stay does not ordinarily apply to non-debtors, but they argue that the stay should be extended to the Individual Defendants[2] and the other co-defendants. As an initial matter, the factual predicates for Defendants' argument are either not adequately supported or belied by Defendants' actions. Furthermore, legal precedent establishes that extending the bankruptcy stay to the non-debtors in this Action would be inappropriate.

**Legal Standard**

      "The general rule is that the automatic stay 'only protects the debtor and does not extend injunctive coverage to non-debtor third parties,' including equity shareholders and principals of a corporate debtor or an LLC." *FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, Nos. 10-75439, 12-08032, 2012 Bankr. LEXIS 5928, at *24 (Bankr. E.D.N.Y. Dec. 26, 2012) (quoting *In re Autobahn Classics, Inc.*, 29 B.R. 625, 628 (Bankr. S.D.N.Y. 1983)). "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). "The non-bankrupt defendants 'bear the burden to demonstrate that an extension of the stay is warranted based upon the unusual circumstances impacting [the bankrupt defendants'] reorganization effort.'" *Marcelino v. Mon Cher 57 Inc.*, No. 18-CV-11148 (PAE) (JLC), 2019 U.S. Dist. LEXIS 100176, at *7 (S.D.N.Y. June 14, 2019) (quoting *DeSouza v. Plusfounds Group, Inc.*, No. 05-CV-5990 (RCC) (JCF), 2006 U.S. Dist. LEXIS 53392, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006)) (emendation in original).

---

[1] Bronstein, Gewirtz & Grossman LLC ("BG&G") represents all of the plaintiffs in this action except five: Shimon Asulin, Clara Grossman, Irving Grossman, David Schonfeld, and Pnina Schonfeld.

[2] Unless otherwise indicated, capitalized terms herein without definition take the meaning given to them in Defendants' letter.

"Moreover, extensions of the stay to protect non-debtor parties are the exception, not the rule, and are generally not favored. Thus, the movant must show by 'clear and convincing evidence' that extension of the stay is warranted." *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906 at *44.

### The Action Should Not Be Stayed Against the Individual Defendants

Defendants argue that the Action should be stayed against the Individual Defendants for two reasons: (i) the Individual Defendants are the "managing members" of each Debtor, and (ii) the Debtors have indemnified the Individual Defendants. Neither putative reason bears scrutiny.

*Proceeding with Claims Against the Individual Defendants Would Not Imminently and Irreparably Impair the Debtors' Reorganization*

Defendants offer no factual details regarding the involvement of the Individual Defendants in the Debtors' reorganizations and how proceeding with the claims against the Individual Defendants would result in imminent, irreparable harm to the Debtors' ability to reorganize. In a sworn declaration, Strulovitch states that he is a managing member of the Debtors and asserts in conclusory fashion that defending this against claims in this Action on behalf of himself while simultaneously guiding the Debtors through bankruptcy and restructuring would be an incredible burden and would drain resources needed to effectuate a restructuring of the Debtors. Based upon this thin reed, Defendants contend that defending against the claims in this action would "necessarily detract from their efforts to simultaneously attempt to rehabilitate the Debtors[.]"

Defendants' argument – with its lack of factual support – does not come close to meeting Defendants' burden in demonstrating that proceeding with this Action would represent a danger of imminent, irreparable harm to the Debtors' ability to reorganize. *See DeSouza*, 2006 U.S. Dist. LEXIS 53392 at *8 ("vague indications of potential distraction, and limited participation in and discussions concerning reorganization, do not represent danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize") (quotation omitted); *Marcelino*, 2019 U.S. Dist. LEXIS 100176 at *8 ("[non-debtor defendants'] attorney asserts in a conclusory fashion that '[i]f this action proceeded against them the result would be a significant strain on them individually, which in turn would severely and adversely affect the debtor's estate — if they are not stable and able to focus on reorganization, the likelihood of a reorganization is minimal at best, and the entities will likely not make it to the end of the Ch. 11 proceedings.' None of these assertions are explained or supported and are insufficient to support a stay extension.") (citation omitted). "It is not enough for the movant to show some limited risk, or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit against principals of the Debtor *could* have *some* effect on the reorganization. Rather, and in keeping with the principle that extending the stay to non-debtors is extraordinary relief, the party seeking extension of the stay must put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended." *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906 at *44 (emphasis in original). Defendants have merely speculated, without factual support, about the possible effect this Action could have on the Debtors' reorganization efforts. Such speculation is an insufficient basis for extending the automatic stay.

2

Moreover, even the little factual detail provided by Strulovitch in his Declaration proves erroneous. He states that he is a managing member of the Schedule A Debtors. Yet Defendants admit in their motion letter that "Section 5 of each [Schedule A Debtor's operating] agreement defines CSRE as the Managing Member[.]" Those same operating agreements make clear that Strulovitch was not a member of the Schedule A Debtors, let alone a managing member. This point is minor with respect to this particular issue, but it indicates the weight – or lack thereof – that should be accorded to Strulovitch's assertions.

Thus, Defendants have failed to meet their burden of establishing by clear and convincing evidence that proceeding with the claims against the Individual Defendants would represent danger of imminent, irreparable harm to the Debtors' ability to reorganize.[3]

*The Indemnification Provisions Invoked by Defendants are Irrelevant and Do Not Warrant an Extension of the Automatic Stay*

The indemnification provisions invoked by Defendants do not warrant an extension of the automatic stay to the Individual Defendants. First, the Individual Defendants' actions belie any right or intention to seek indemnification from the Schedule A Debtors. The bar date for any claims against four of the five Schedule A Debtors (325 Franklin LLC, 618 Lafayette LLC, 106 Kingston LLC, and 1213 Jefferson LLC) has already passed, and the Individual Defendants submitted no claims for indemnification. *See* Soloveichik Decl. ¶¶ 1-2, Ex. A; Claims Registers for Case Nos. 19-23017, 19-23018, 19-23029, 19-23031 (Bankr. S.D.N.Y.). By law, they are now precluded from asserting a claim for indemnification from those Schedule A Debtors.[4] While no bar date has yet been set for the last Schedule A Debtor (73 Empire), the Individual Defendants have not asserted any intention to seek indemnification, in line with their failure to assert such a claim against the four other Schedule A Debtors.

Second, "the mere existence of an indemnification obligation on the part of the Debtors is not alone enough to extend the protections of the automatic stay to a non-debtor. Rather, the purpose served by extending the stay to directors and officers indemnified by the debtor must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts." *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906, at *37 (quotation marks omitted; emendation in original); *see also In re SDNY 19 Mad Park, LLC*, No. 14-11055 (ALG), 2014 Bankr. LEXIS 3877, at *5 (Bankr. S.D.N.Y. Sep. 11,

---

[3] Even if the Individual Defendants could establish that their efforts to reorganize the Debtors would be irreparably impaired by other claims in this action, that would only justify a stay for those claims against the Individual Defendants that directly relate to the Debtors. A defendant's participation in a debtor's reorganization does not earn temporary immunity from *all* claims against the non-debtor defendant – including claims not directly related to the debtor – for the duration of the bankruptcy proceeding.

[4] *See Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, 2011 U.S. Dist. LEXIS 120734, at *14-15 (S.D.N.Y. Oct. 19, 2011) ("An indemnification right 'arises at the time the indemnification agreement is executed,' and it constitutes a claim under the Bankruptcy Code even if the act giving rise to indemnification has not yet occurred. *Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128-29 (2d Cir. 2000); *see also* 11 U.S.C. § 101(5)(A) (defining a 'claim' as a 'right to payment, whether or not such right is . . . fixed [or] contingent'). As a result, defendants could, and should, have asserted their indemnification claims prior to the bar dates.").

3

2014) ("The fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party because the justification for extending the stay must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts.") (quotation marks omitted; emendation in original).

Although Defendants here baldly assert that Strulovitch is "absolutely indemnified" for any adverse finding against him on a breach of fiduciary duty claim by the Schedule A Debtors, the language in the arbitration clauses explicitly provides otherwise. The arbitration clauses state that the Managing Member shall be indemnified for actions arising out of its role in the Debtor in its "exercise of reasonable business judgment." Plaintiffs' proposed derivative claim for breach of fiduciary duty on behalf of the Schedule A Defendants alleges that the Individual Defendants' actions were not in any way exercises of reasonable business judgment. As in *In re FPSDA I, LLC*, because a finding against the Individual Defendants in the pending litigation would cancel any indemnification of the Debtors, extension of the automatic stay would be inappropriate. *See id.* at \*41-42 ("the prospect of an 'adverse consequence' to the Debtors' estates, because of the Indemnification Agreement, has not been shown to be as 'immediate' or 'actual' here as it was in *Robert Plan*"). The absence of an absolute indemnification obligation distinguishes this case from the authorities cited by Defendants, as explained by the court in *In re FPSDA I, LLC*.

Finally, the entire premise of Defendants' argument is mistaken. The indemnification provisions do not even apply to the Individual Defendants. As Plaintiffs' pre-motion briefing made clear, the Individual Defendants were not parties to the Schedule A Debtors' operating agreements, the Individual Defendants were not appointed manager by the operating agreements, and Plaintiffs' proposed claim does not originate from their roles in other signatories to the agreement. The indemnification provisions refer to CSRE (as Managing Member) and Plaintiffs' proposed derivative claims on behalf of the Schedule A Defendants assert that the Individual Defendants were acting as managers of the Schedule A Defendants separate and apart from any role they played in CSRE. Thus, there is no basis for indemnification of the Individual Defendants with respect to Plaintiffs' proposed claim.[5]

**The Action Should Not Be Stayed Against Non-Debtor Defendants**

In essence, Defendants argue that this Action should be stayed because the claims against the non-debtor defendants are closely related to some of the claims against the debtor defendants. But this is clearly not the governing law. Courts in this district and circuit have repeatedly held that the bankruptcy stay should not be extended despite the close relationship between claims against debtors and non-debtors. Thus, "where the debtor and non-debtor co-defendant are joint tortfeasors . . . a stay clearly cannot be extended to the non-debtor. This limitation on the 'unusual situation' exception has been adopted in this district and by numerous other courts." *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (quotation marks and citation omitted); *see also In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906 at \*25 ("[T]he stay should not be extended where the non-debtor is independently liable as,

---

[5] Even if derivative claims on behalf of the Schedule A Debtors against the Individual Defendants could not proceed, there would be no reason to stay any other claims.

for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty.") (quotation marks omitted).

Obviously, allegations against joint tortfeasors involve closely related allegations, presenting common questions of law and fact. Yet, "[u]ltimately, the automatic stay may only be extended to protect non-debtors where such relief is 'necessary to protect the debtor's reorganization,' and where the lawsuit sought to be stayed is 'sufficiently likely to have a material effect upon... reorganization efforts.'" *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906 at *25 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)). Here, too, with respect to certain claims, the debtor defendants and some of the non-debtor defendants jointly took part in wrongful actions against Plaintiffs. But Defendants have not shown how proceeding with the claims against non-debtor defendants would irreparably harm the reorganization efforts of the Debtors.

Likewise, the Second Circuit's warning against undue extension of bankruptcy stays applies here. In *Queenie*, the Second Circuit cautioned that "[w]e have not located any decision applying the stay to a non- debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Queenie*, 321 F.3d at 288. Again, the potential precedential effect against a debtor defendant of an adverse decision against non-debtor defendants only pertains to where there are common questions of law and fact. Yet the Second Circuit did not want to interfere with creditors' enforcement of their rights of non-debtor co-defendants, which is precisely what Defendants propose to do here. Defendants rely upon case law pre-dating the Second Circuit's decision in *Queenie*. To the extent that such case law suggests that the existence of common questions of law and fact justifies an extension of the bankruptcy stay, it is inconsistent with *Queenie* and subsequent court decisions in this circuit. *See, In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5906 at *48 ("Some courts have justified extensions of the automatic stay based in part on similar concerns. *See, e.g., In re Ionosphere Clubs, Inc.*, 111 B.R. 423 (Bankr. S.D.N.Y. 1990). Nevertheless, the Second Circuit Court of Appeals has indicated some skepticism about applying the stay to a non-debtor on this basis alone, citing concerns over vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants.' *See Queenie*, 321 F.3d at 288.").

Defendants also suggest that Plaintiffs do not seek to recover their money only for properties in which wrongdoing may be found. Defendants' meaning is hard to discern. Plaintiffs have alleged, and will allege, wrongdoing with respect to all of the relevant properties. Plaintiffs only seek to recover for legally cognizable damages they suffered as a result of wrongdoing by Defendants.

Next, without elaboration, Defendants contend that proceeding with this Action will result in incomplete discovery, the absence of necessary parties, and the potential for inconsistent findings. But Defendants fail to explain what specific discovery they might need from the debtor defendants with respect to the claims against the other defendants. In addition, even the inability to obtain discovery from a debtor co-defendant would not be grounds for extending the stay. *See*

*Mitropoulos v. 401 Sunrise Corp.*, No. 17-cv-3618 (ENV) (ST), 2019 U.S. Dist. LEXIS 98790, at *4-5 (E.D.N.Y. June 6, 2019) ("Kostakis further argues that the stay should remain in place with respect to him because he may require discovery of materials in the debtor's possession. . . . [I]t certainly does not fall within the categories set forth in *Queenie* that would require the action to remain stayed with respect to Kostakis. Consequently, Kostakis presents no viable grounds on which the action should remain stayed in its entirety rather than proceed against him.").

As to the absence of necessary parties, Defendants fail to explain why the Court could not grant complete relief as among the remaining parties. The fact that Plaintiffs also have claims against the debtor defendants here does not affect the ability to get relief with respect to their claims against the non-debtor defendants.

Finally, Defendants' reliance on the potential for inconsistent findings is misplaced. The potential for some inconsistent findings simply reflects the existence of some common issues of fact or law that is found in vast majority of cases involving debtor and non-bankrupt defendants. And, as discussed above, the existence of such common issues of fact and law does not, by itself, justify extension of a bankruptcy stay.

Accordingly, this Action should continue with respect to the non-debtor defendants.

        Respectfully yours,
        /s
        Yitzchak Eliezer Soloveichik