

**Avery S. Mehlman**
**Partner**
Phone: 212.592.5985
Fax: 212.545.3424
amehlman@herrick.com

October 2, 2019

**VIA ECF**

Hon. Carol Bagley Amon
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Schonberg et al. v. Strulovich et al.* - Case No. 17-cv-2161

Dear Justice Amon:

      The Defendants represented by Herrick, Feinstein, LLP ("Defendants") in this Action[1] write to inform the Court that on September 26, 2019, certain of the Plaintiffs, without any authorization or basis in law or fact, filed fraudulent "voluntary" bankruptcy petitions on behalf of two more of the Schedule A Defendants, 657-665 5th Avenue LLC ("5th Avenue LLC") and Willoughby Estates LLC ("Willoughby LLC"). The 5th Avenue LLC bankruptcy is Case No. 1:19-45884. The Willoughby LLC bankruptcy is Case No. 19-45886. The Plaintiffs do not have any authority to act on behalf of 5th Avenue LLC or Willoughby LLC.

      As an initial matter, Defendants' hereby supplement their Letter-Motion to Stay Proceedings to request that this Action also be stayed as against 5th Avenue LLC and Willoughby LLC pursuant to § 362 of the Bankruptcy Code. In light of these illegal filings by the Plaintiffs, six of the twelve Schedule A Defendants are now in bankruptcy.

      More importantly, the Plaintiffs that filed the subject bankruptcy petitions, purportedly on behalf of 5th Avenue LLC and Willoughby Estates LLC, have again revealed the extent of their willingness to make false representations to Federal Courts and engage in bad faith with the same, so as to further their scheme to harm the Defendants.

      **1.**    **Plaintiffs Cannot Act On Behalf of 5th Avenue LLC.**

      On September 25, 2019, Benjamin Schonberg, Yinon Katabi, Ely Merl, Dovid Baddiel, Hannah Baddiel, Binyomin Mordechai Halpern, Chezkel Grinfeld, Jacob Schonberg, Bertha Schonberg and Slope Equities Operations LLC[2] (collectively, the "5th Avenue Minority Investors") purported to

---

[1] Yechezkel Strulovitch, CSRE LLC, CS Construction Group LLC, Good Living Management LLC, 908 Bergen Street LLC, 901 Bushwick Avenue LLC, 106 Kingston LLC, 1213 Jefferson LLC, Gates Equity Holdings LLC, 1078 Dekalb LLC, 618 Lafayette LLC, 74 Van Buren LLC, 762 Willoughby LLC, 454 Central Avenue LLC, 855 Dekalb Avenue LLC, 720 Livonia Development LLC, 853 Lexington LLC, 657-665 5th Avenue LLC, Willoughby Estates LLC, 73 Empire Development LLC, 980 Atlantic Holdings LLC, 325 Franklin LLC, 945 Park Pl LLC, 1301 Putnam LLC, 348 St. Nicholas LLC, CSY Holdings LLC, APC Holding 1 LLC, 53 Stanhope LLC, The Howard Day House LLC, 55 Stanhope LLC, 599-601 Willoughby LLC, 1217 Bedford LLC, 1266 Pacific LLC, 167 Hart LLC, 741 Lexington LLC, and 296 Cooper LLC.

[22] Benjamin Schonberg, Binyomin Mordechai Halpern, Jacob Schonberg, Bertha Schonberg, and Slope Equities Operations are Plaintiffs in this Action.

undertake an "Action By Majority Written Consent Of Members" to "amend" the 5th Avenue LLC's operating agreement. That purported amendment to the operating agreement, *inter alia*, appointed Raphael Barouch Elkaim, Binyomin Halpern, and Benjamin Schonberg as co-managers of 5th Avenue LLC and states that neither CSRE nor Strulovitch have the authority to manage the business and affairs of 5th Avenue LLC (the "5th Avenue Purported Amendment"). The 5th Avenue Purported Amendment is annexed hereto as **Exhibit 1**. The day after executing the 5th Avenue Purported Amendment, the 5th Avenue Minority Investors filed a bankruptcy petition on behalf of 5th Avenue LLC.

For starters, the operating agreement the 5th Avenue Minority Investors refer to in the 5th Purported Amendment is crystal clear that Defendant CSRE, LLC is the "owner of (54%) of 5th Avenue LLC and Slope Equities Operations LLC ("Slope") is the "owner of forty-six percent (46%) of the Company," which is merely a profit sharing interest. A copy of 5th Avenue LLC's Operating Agreement is annexed hereto as **Exhibit 2**. Accordingly, the 5th Avenue Minority Investors certainly cannot claim to hold a majority stake in 5th Avenue LLC.

To arrive at the claimed "majority," it appears that the 5th Avenue Minority Investors are attempting to double dip their profit sharing interests in bad faith. At most, Benjamin Schonberg, Yinon Katabi, Ely Merl, Dovid Baddiel, Hannah Baddiel, Binyomin Mordechai Halpern, Chezkel Grinfeld, Jacob Schonberg, and Bertha Schonberg, hold an interest in Slope, which itself owns a 46% profit sharing interest in 5th Avenue LLC. To the extent these individuals are claiming a direct interest in 5th Avenue LLC, and not through Slope, 5th Avenue LLC hereby requests that the Court direct them to produce evidence of that direct interest. We of course do not expect that any such evidence will be produced since 5th Avenue LLC's Operating Agreement makes that a mathematical impossibility.

Recently, we learned that Slope passed a Resolution, a copy of which is annexed hereto as **Exhibit 3** ("Slope August 2019 Resolution").[3] Interestingly, Benjamin Schonberg, Yinon Katabi, Ely Merl, Dovid Baddiel, Hannah Baddiel, Binyomin Mordechai Halpern, Chezkel Grinfeld, Jacob Schonberg, Bertha Schonberg did not sign the Slope August 2019 Resolution. It appears these individuals were thinking ahead, so that they could disclaim any interest in Slope, and instead claim that they have a direct interest in the Company so they could execute the 5th Avenue Purported Amendment. Too cute.

As the Court will recall, each of the individuals identified in the preceding paragraph signed Resolutions on behalf of Slope (not 5th Avenue LLC) in or around June 2017 (the "5th Avenue June 2017 Resolution"), which were filed in this Action. *See* Doc No. 221-4, 5. A copy of the 5th Avenue June 2017 Resolution is annexed hereto as **Exhibit 4**. On behalf of Slope, the 5th Avenue June 2017 Resolution was signed by: (i) Chezkel Grinfeld at 51-52; (ii) Ely Merl at 59-60; (iii) the Baddiels at 61-62; (iv) Yinon Kataby at 97-98; (v) Benjamin Schonberg at 103-04; (vi) Binyomin Mordechai Halpern at 105-06; (vii) Jacob Schonberg at 111-12; and (viii) Bertha Sara Schonberg at 113-14.

In other words, the 5th Avenue Minority Investors, are, at most, investors in Slope, do not hold a direct interest in 5th Avenue LLC, and do not have authority to act on behalf of 5th Avenue LLC. Accordingly, the "voluntary" bankruptcy petition filed by the 5th Avenue Minority Investors on behalf of

---

[3] We take no position, at this time, as to the validity or legality of the Slope August 2019 Resolution.

2



5th Avenue LLC constitutes a fraud on the Court and Defendants reserve their right to move to dismiss that petition and seek sanctions.[4]

### 2. Plaintiffs Cannot Act On Behalf Of Willoughby LLC

On September 25, 2019, Benjamin Schonberg, Binyomin Mordechai Halpern, Jacob Schonberg, Bertha Schonberg and Willoughby Estates Operations LLC (collectively, the "Willoughby Minority Investors") purported to undertake an "Action By Majority Written Consent Of Members" to "amend" the Willoughby LLC operating agreement. That purported amendment to the operating agreement, *inter alia*, appointed Raphael Barouch Elkaim, Binyomin Halpern, and Benjamin Schonberg as co-managers of the Company and states that neither CSRE nor Strulovitch have the authority to manage the business and affairs of the Company (the "Willoughby Purported Amendment"). The Willoughby Purported Amendment is annexed hereto as **Exhibit 5**. The day after executing the Willoughby Purported Amendment, the Willoughby Minority Investors filed a bankruptcy petition on behalf of Willoughby LLC.

For starters, the operating agreement the Willoughby Minority Investors refer to in the Willoughby Purported Amendment is crystal clear that Defendant CSRE, LLC is the "owner of (54%) of the Company and Plaintiff Willoughby Estates Operations LLC ("Willoughby Operations") is the "owner of forty-six percent (46%) of the Company," which is merely a profit sharing interest. A copy of the Willoughby LLC Operating Agreement is annexed hereto as **Exhibit 6**. Accordingly, the Willoughby Minority Investors certainly cannot claim to hold a majority stake in the Willoughby LLC.

To arrive at the claimed "majority," it appears the Willoughby Minority Investors are attempting to double dip their profit sharing interests in bad faith. At most, Benjamin Schonberg, Binyomin Mordechai Halpern, Jacob Schonberg, and Bertha Schonberg hold a interest in Willoughby Operations, which itself owns a 46% profit sharing interest in Willoughby LLC. To the extent these individuals are claiming a direct interest in Willoughby LLC, and not through Willoughby Operations, Willoughby LLC hereby requests that the Court direct them to produce evidence of that direct interest. Defendants of course do not expect that any such evidence will be produced since the Willoughby LLC Operating Agreement makes that a mathematical impossibility.

Recently, we learned that Willoughby Operations passed a Resolution, a copy of which is annexed hereto as **Exhibit 7** ("Willoughby September 2019 Resolution").[5] Binyomin Mordechai Halpern, Bertha Schonberg and Jacob Schonberg signed the September 2019 Resolution on behalf of Willoughby Operations. As this Court will recall, each of these individuals also signed Resolutions on behalf of Willoughby Operations in or around June 2017 (the "Willoughby Operations June 2017 Resolution"), which were filed in this Action. *See* Doc No. 221-5. A copy of the Willoughby Operations June 2017 Resolution is annexed hereto as **Exhibit 8**. On behalf of Willoughby Operations, the Willoughby Operations June 2017 Resolution was signed by: (i) Binyomin Mordechai Halpern at 60-61; (ii) Jacob Schonberg at 66-67; and (iii) Bertha Sara Schonberg at 68-69. In other words, it is patently obvious that these individuals' profit sharing interest in Willoughby LLC is indirect, at most, through Willoughby Operations.

---

[4] On September 27, 2019, the Plaintiffs' bankruptcy counsel sent a letter to Mr. Strulovitch and CSRE, frivolously demanding that Mr. Strulovitch and CSRE turn over all corporate records of 5th Avenue LLC to Plaintiffs. A copy of this letter is annexed hereto as **Exhibit 13**. Such bad faith actions by the Plaintiffs should not be rewarded by this Court.

[5] We take no position, at this time, as to the validity or legality of the Willoughby September 2019 Resolution.

Benjamin Schonberg did not sign the June 2017 Willougby Operations Resolutions or Willoughby September 2019 Resolution, but even if he was correct that he owns a direct interest in Willoughby LLC, which he does not, and is a mathematical impossibility pursuant to the very operating agreement he seeks to amend, the Willoughby Purported Amendment states his interest is only 3.6%, which, between him and Willoughby Operations, still would not give them a majority interest so as to effectuate an amendment of Willoughby LLC's operating agreement.

In other words, the Willoughby Minority Investors, are, at most, investors in Willoughby Operations, do not hold a direct interest in Willoughby LLC, and do not have authority to act on behalf of Willoughby LLC. Accordingly, the "voluntary" bankruptcy petition filed by the Willoughby Minority Investors constitutes a fraud on the Court and Defendants reserve their right to move to dismiss that petition and seek sanctions.[6]

### 3. The Minority Investors Have Alleged Facts Completely Inconsistent With The 2019 Resolutions and Purported Bankruptcy Filings.

The positions taken by the Willoughby Minority Investors and 5th Avenue Minority Investors (collectively, the "Minority Investors") in the Purported Amendments and the related "voluntary" bankruptcy petitions they filed purportedly on behalf of 5th Avenue LLC and Willoughby LLC are clearly inconsistent with the positions they have taken in this Action.[7]

For example, in the Second Amended Company ("SAC"), a copy of which is annexed hereto as **Exhibit 9**, the Minority Investors claimed:

- to be "members of the LLC Plaintiffs"[8] who invested money into the "Holding Company Defendants."[9] Ex. 9, ¶ 2.

- "Each of the Holding Company Defendants, the respective LLC Plaintiffs having a Forty-Five Percent (45%) interest therein, and the individual Investors who are members of those LLC Plaintiffs…" Ex. 9, ¶ 20.

- "Each of the LLC Plaintiffs has a membership interest in one of the Holding Company Defendants and ***holds all of the Investor Plaintiffs' interests in the Investment Properties***." Ex. 9, ¶ 21 (emphasis added).

- "There are over 180 separate Investors in the Investment Properties who are members of their respective LLC Plaintiffs." Ex. 9, ¶ 24.

---

[6] [6] On September 27, 2019, the Plaintiffs' bankruptcy counsel sent a letter to Mr. Strulovitch and CSRE, frivolously demanding that Mr. Strulovitch and CSRE turn over all corporate records of Willoughby LLC to Plaintiffs. Ex. 13. Such bad faith actions by the Plaintiffs should not be rewarded by this Court.

[7] Eventually, these inconsistent allegations will be the subject of a motion to dismiss the 5th Avenue LLC and Willoughby LLC bankruptcy petitions and for sanctions based on, *inter alia*, the doctrine of judicial estoppel.

[8] Slope and Willoughby Operations are included within the definition of LLC Plaintiffs.

[9] 5th Avenue LLC and Willoughby LLC are included within the definition of Holding Company Defendants.

4

- CSRE is a "majority member, and manager of the Holding Company Defendants." Ex. 9, ¶¶ 170, 177.

In ruling on the Defendants' motion to dismiss the SAC (the "Motion," which is annexed hereto as **Exhibit 10)**, the Court, relying on these allegations, stated that:

- "the Individual Plaintiffs were given interests in the LLC Plaintiffs that were derivatively connected to the Individual Defendants' investments in real estate" Ex. 10 at 5;

- "In fact, the Individual Plaintiffs' interests in the twenty two parcels of real property is alleged to be three steps removed the actual property: taking the Individual Plaintiffs as step one, step two was the twenty two LLC Plaintiffs, which at some point, were given forty five percent interests in one of the Holding Company Defendants. The third step of this investment structure was the Holding Company Defendants, which each allegedly held the title to one of the twenty two investment properties. (Id.) CSRE, an entity that is purportedly wholly owned by defendants Oberlander and Strulovich, owns the remaining fifty five percent in each Holding Company Defendant." Ex. 10 at 5.

In ruling on the Motion, the Court found that the Holding Company Defendant Operating Agreements, including those of 5th Avenue LLC and Willoughby LLC, were enforceable and compelled the signatories thereto, including Slope and Willoughby Operations, to arbitration: "In sum, the Court finds that the Holding Company Defendants, CSRE, LLC, LLC Plaintiffs, and the Individual Investors who acknowledged the agreements formed an agreement, including an agreement to arbitrate all claims relating to the Holding Company Defendants." Ex. 10 at 22-23.

In their belated motion for leave to amend the SAC, a copy of which is annexed hereto as **Exhibit 11**, the Minority Investors have continued to alleged facts inconsistent with those set forth in the fraudulent 2019 resolutions and related "voluntary" bankruptcy petitions. For example, in their motion for leave to amend the SAC, Plaintiffs alleged:

- "In return for their funds, the Individual Plaintiffs were given interests in the twenty-two LLC Plaintiffs. The LLC Plaintiffs, in turn, were given 45 percent interests in one of the twenty-two [Holding Company Defendants]… CSRE … owns the remaining 55 percent in each Holding Company Defendant." Ex. 4 at 3.

- "The proposed amended complaint would plead a claim for securities fraud based upon the Individual Plaintiffs' purchase of membership interests in the LLC Plaintiffs…" Ex. 4 at 10.

- "[T]he Individual Plaintiffs indirectly invested in the Schedule A Properties through the purchase of membership interests in the twenty-two LLC Plaintiffs." Ex. 4 at 11.

The same inconsistent position was taken by the Minority Investors in their reply in further support of the motion for leave to amend the Complaint, a copy of which is annexed hereto as **Exhibit 12**: "[T]he Individual Plaintiffs have standing to assert securities fraud claim based upon their direct purchase of the LLC Plaintiff membership interests." Ex. 5 at 3.

Therefore, at most, the Minority Investors invested moneys indirectly into 5th Avenue LLC and Willoughby LLC, through Slope and Willoughby Operations, respectively. The Plaintiffs' efforts to

5



defraud the Bankruptcy Court and this Court through such deceptive legal filings further evidences their bad faith, should result in a stay of this entire Action while the bankruptcy actions are litigated, and the belated motion for leave to amend the SAC, which is pending *sub judice*, should be denied.

Further, Defendants put the Plaintiffs on notice that that the frivolous Purported Amendments are of no force and effect and Defendants will hold the Minority Investors liable for any unauthorized actions taken by them on behalf of 5th Avenue LLC or Willoughby LLC.  We further put the Plaintiffs on notice that this this letter is sent without prejudice to the rights and remedies of Defendants, at law or in equity, all of which are hereby expressly reserved.

Sincerely,

/s/ Avery S. Mehlman

Avery S. Mehlman