IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB SCHONBERG et al,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>YECHEZKEL STRULOVICH et al,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 17-cv-2161 (CBA)(RML) |

---

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FOR SEVERANCE

---

Thomas C. Landrigan, Esq.
COHEN, LABARBERA & LANDRIGAN, LLP
99 Brookside Avenue
Chester, New York 10918
Tel.:　845-291-1900
Fax:　845-291-8601
Email: tlandrigan@cll-law.com
*Attorneys for Defendants 100 Jefferson Realty LLC, Gold Cliff LLC, Willtrout Realty LLC, and Stagg Studios LLC 1125-1133 Greene Ave LLC, 834 Metropolitan Avenue LLC, and 92 South 4th Street, LLC*

## TABLE OF CONTENTS

Table of Authorities……………………………………………………………………………iii

Preliminary Statement……………………………………………………………………..………1

Factual and Procedural Background……………………………………………………….……2

Applicable Legal Standard……………………………………………………………………....2

Argument……………………………………………………………………………….……………3

    I.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THE PURPORTED FEDERAL CAUSES OF ACTION ARE FUTILE, ARBITRABLE, AND ASSERTED IN BAD FAITH……………………………………………………………………..…3

    II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS. ……………………………………………………..…………3

    III.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THEIR PURPORTED CAUSES OF ACTION AGAINST DEFENDANTS 100 JEFFERSON REALTY LLC, GOLD CLIFF LLC, WILLTROUT REALTY LLC, AND STAGG STUDIOS LLC ARE FUTILE. …………………………………………………………………..……4

    IV.    THE ACTIONS SHOULD NOT BE SEVERED BECAUSE DOING SO WOULD ONLY FACILITATE THE PLAINTIFFS' BAD FAITH ATTEMPT TO AVOID ARBITRATION AND PREJUDICE DEFENDANTS BY OPENING A NEW FRONT AGAINST THEM. ……………………………………………………………7

Conclusion……………………………………………………………..…………………………8

## TABLE OF AUTHORITIES

CASES

*Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078 NGG VMS, 2014 WL 123488 (E.D.N.Y. Jan. 10, 2014) .................................................................................................. 7
*City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353 (S.D.N.Y. 2000) ............................... 4
*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) .................... 3
*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ......................................................... 3
*Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 973 N.E.2d 743 (2012) ........................................... 5, 6
*Gusinski v. Genger*, No. 10 CIV 4506 SAS, 2010 WL 4877841 (S.D.N.Y. Nov. 30, 2010) ....................... 8
*Kolari v. N.Y. Presbyterian Hosp*. 455 F.3d 118 (2d Cir. 2006) .................................................................. 4
*Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243 (2d Cir. 2002) ............................................................ 3
*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011) .... 5, 6
*Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991) ........................................................................... 2
*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc*., No. CV 12-1633 JMA AKT, 2015 WL 777248 (E.D.N.Y. Feb. 13, 2015) ........................................................................................................ 7
*Scivoletti v. Marsala*, 97 A.D.2d 401, 467 N.Y.S.2d 228 (2nd Dept. 1983) ............................................... 6
*Sharp v. Kosmalski*, 40 N.Y.2d 119, 351 N.E.2d 721 (1976) ..................................................................... 5
*TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493 (2d Cir. 2014) .............................................................. 3
*Wausau Bus. Ins. Co. v. Turner Const. C*o., No. 86017, 2001 WL 963943 (S.D.N.Y. Aug. 23, 2001) ....... 7
*William A. Gross Const. Assocs., Inc. v. Am. Manufacturers Mut. Ins. Co*., No. 07CIV10639(LAK)(AJP), 2009 WL 427280 (S.D.N.Y. Feb. 23, 2009) ......................................................................................... 7

STATUTES

NY Limit Liab Co § 601 (McKinney) ......................................................................................................... 6

Defendants 100 Jefferson Realty LLC, Gold Cliff LLC, Willtrout Realty LLC, and Stagg Studios LLC respectfully request that the Court deny Plaintiffs' application, *inter alia*, to serve their futile Proposed Third Amended Complaint (hereinafter the "3d Am. Comp.") for the reasons set forth herein.[1] Defendants 100 Jefferson Realty LLC and Gold Cliff LLC are designated by Plaintiffs as the "Secret LLC Defendants," 3d Am. Comp. ¶29, and Defendants Willtrout Realty LLC, and Stagg Studios LLC are designated by Plaintiffs as the "Additional Secret LLC Defendants." 3d Am. Comp. ¶32. For purposes of this submission, Defendants 100 Jefferson Realty LLC, Gold Cliff LLC, Willtrout Realty LLC, and Stagg Studios LLC are hereinafter referred to as the "Instant Defendants."

In the interest of judicial economy, the Instant Defendants respectfully refer the Court to the submission by Herrick, Feinstein LLP on behalf of the majority of the Defendants in opposition to the instant motion (the "Herrick, Feinstein Papers"). This submission incorporates the Herrick, Feinstein Papers by reference,[2] highlights the salient arguments of the Herrick, Feinstein Papers, and expands on those arguments as concern the Instant Defendants specifically.

PRELIMINARY STATEMENT

After commencing the instant action based on largely arbitrable claims and being properly referred to arbitration by this Court, Plaintiffs now seek to break their own manufactured impasse in arbitration by introducing the "thermonuclear device" of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st

---

[1] This law firm has also represented 1125-1133 Greene Ave LLC, 834 Metropolitan Avenue LLC, and 92 South 4th Street, LLC in the instant action, which entities have previously been designated as Defendants; however, these entities are not designated as Defendants in Plaintiffs' Proposed 3d Am. Comp., presumably in compliance with stays imposed by proceedings before the United States Bankruptcy Court.

[2] With the permission of Herrick, Feinstein LLP.

1

Cir.1991). In addition to the general bad faith practiced against the Defendants as a whole, Plaintiffs' repeated attempts to prematurely litigate before this Court greatly prejudice the Instant Defendants, who are alleged to have done nothing more than exist, by forcing them to repeatedly incur the burden and expense of repulsing facially defective, premature state claims in a federal forum that may ultimately lose jurisdiction.

Furthermore, Plaintiff offers little to no new material information in its proposed new pleading, and amendment would be futile due to the facial defects in the 3d Am. Comp. which would not survive a motion to dismiss—<u>this attempt being brought after more than two years having passed since this Court referred Plaintiffs to arbitration and dismissed their remaining claims</u>.

Finally, the moving Plaintiffs seek to sever their action from their more measured co-Plaintiffs and charge ahead in litigation, notwithstanding their failure to arbitrate in compliance with the Court's Order, and thus threaten the Defendants with the burden and expense of litigating on two fronts rather than one.

Accordingly, the Instant Defendants respectfully request that this Honorable Court to deny the instant Motion in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

The Instant Defendants respectfully refer the Court to the Herrick, Feinstein Papers for the factual and procedural history leading to the instant Motion.

## APPLICABLE LEGAL STANDARD

The courts are not to give leave to amend under Fed. R. Civ. P. 15 in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.

2

Ed. 2d 222 (1962). A court must weigh such considerations upon any appearance or declaration of their existence. *Id.* at 182.

A proposed amendment is futile if it fails to "cure the pleading deficiencies in its complaint," *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014), *viz.*, "if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)," *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002), or offers "no additional facts or legal theories." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

## ARGUMENT

I. **PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THE PURPORTED FEDERAL CAUSES OF ACTION ARE FUTILE, ARBITRABLE, AND ASSERTED IN BAD FAITH.**

Plaintiffs seek to assert no federal causes of action against Instant Defendants; rather, the Instant Defendants are parties hereto solely as the result of Plaintiffs' claim of supplemental jurisdiction already rejected by this Court. See this Court's Memorandum and Order, dated November 1, 2017 (hereinafter the "Order"), at 40. Accordingly, the Instant Defendants respectfully refer the Court to the Herrick, Feinstein Papers. Oddly enough, not until their fourth attempt at a pleading did Plaintiffs suddenly choose to allege RICO violations—clearly, Plaintiffs recognize the defects in their securities law allegations and desperately seek a pretext for remaining in federal court.

II. **PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS.**

This Honorable Court has already determined that upon the dismissal (or referral to arbitration) of all federal claims that retaining supplemental jurisdiction over any remaining state law claims would be an improvident use of discretion. Order, at 40-42. As this Court determined, "plaintiffs' remaining state law claims against defendants are a mere 'appendage' to their state law

3

claims" and "discovery has yet to commence" *Id*. at 41. Thus, relying on, *inter alia*, *Kolari v. N.Y. Presbvterian Hosp*. 455 F.3d 118, 122 (2d Cir. 2006)(holding that the question of extending supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right") and *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 371 (S.D.N.Y. 2000)(stating that supplemental jurisdiction should not be exerted over a federal "appendage" to a state "body" in a case), this Court dismissed all remaining state law claims "without prejudice for refiling <u>in state court</u>." Order, at 42. As is obvious, Plaintiffs have elected to ignore this Court's clear instructions by making the instant application rather than filing in state court.

As Plaintiffs' own submissions demonstrate, the facts and circumstances of this action have not materially changed except that Plaintiffs still refuse to participate in arbitration or state court action after literal years of delay. Accordingly, this Court should continue to decline to exercise supplemental jurisdiction over any state law claims remaining after dismissing Plaintiffs' purported federal claims.

III. PLAINTIFFS SHOULD NOT BE PERMITTED TO SERVE THEIR PROPOSED THIRD AMENDED COMPLAINT BECAUSE THEIR PURPORTED CAUSES OF ACTION AGAINST DEFENDANTS 100 JEFFERSON REALTY LLC, GOLD CLIFF LLC, WILLTROUT REALTY LLC, AND STAGG STUDIOS LLC ARE FUTILE.

Of Plaintiffs' twenty purported causes of action, only four are even asserted against the Instant Defendants, <u>there being no federal claim asserted against the Instant Defendants</u>, namely as follows:

    TWELFTH CAUSE OF ACTION(Constructive Trust Over Title to the Secret Properties) (Plaintiffs against the Secret LLC Defendants), 3d Am. Comp., p. 82;

    THIRTEENTH CAUSE OF ACTION (Unjust Enrichment) (Individual Plaintiffs Against All of the Defendants), 3d Am. Comp., p. 83;

    SEVENTEENTH CAUSE OF ACTION (Unjust Enrichment) (LLC Plaintiffs and Derivative Plaintiffs Against All Defendants Other than CSRE and the Individual Defendants), 3d Am. Comp., p. 86; and

>TWENTIETH CAUSE OF ACTION (Constructive Trust Over Proceeds Derived From Properties Held for the Benefit of the Individual Defendants By the Additional Secret LLC Defendants) (Plaintiffs Against the Additional Secret LLC Defendants), 3d Am. Comp., p. 88.

Notably, half of these purported claims, the Thirteenth and Seventeenth, are asserted against the Instant Defendants by virtue of their being lumped together with "All Defendants."

As stated above, a proposed amended pleading should be denied if it could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The required elements to be pleaded for the purported state law claims of unjust enrichment and constructive trust are as follows.

The imposition of a constructive trust requires "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment." *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 351 N.E.2d 721, 723 (1976). To properly allege unjust enrichment, in turn, a plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 973 N.E.2d 743, 746 (2012)(citing *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011).

The only actions or omissions Plaintiffs allege any of the Instant Defendants committed are that they "are each New York limited liability companies) 3d Am. Comp. ¶49, 52 and "hold[] title to one of the Secret Properties." 3d Am. Comp. ¶51. Obviously, neither of those alleged activities are actionable under any theory and certainly do not meet the elements required. Plaintiffs do not allege that any of the Instant Defendants entered a confidential or fiduciary relationship with any Plaintiff. Plaintiffs do not allege that any of the Instant Defendants made any promise. Plaintiffs do not allege that any Plaintiff transferred anything to any of the Instant Defendants. And Plaintiffs have not even specifically alleged that any of the Instant Defendants

5

did anything to be unjustly enriched. Plaintiffs simply make the inappropriate group allegation that "All of the Defendants . . . have unjustly enriched themselves at the expense of the LLC Plaintiffs and the Holding Companies, inter alia, improperly taking the money of the LLC Plaintiffs and the Holding Companies for their own use and to purchase and develop the Secret Properties and the Additional Secret Properties." 3d Am. Comp. ¶436.

In any event, "although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." *Mandarin Trading*, 16 N.Y.3d at 182, 944 N.E.2d at 1111; *Georgia Malone*, 19 N.Y.3d at 518, 973 N.E.2d at 747 . And no constructive trust may be imposed when a plaintiff never had any prior interest in the real property at issue, as is the case here. *Scivoletti v. Marsala*, 97 A.D.2d 401, 467 N.Y.S.2d 228 (2nd Dept. 1983). Here, Plaintiffs allege no relationship with any of the Instant Defendants whatsoever; rather, at most they allege the Instant Defendants functioned as a depository for money the Individual Defendants gleaned from their activities and held title to real properties to which none of the Plaintiffs ever had any claim. Plaintiffs do not even allege a membership interest in any of the Instant Defendant LLCs—they simply claim membership interests in different LLCs that were supposed to own membership interests in still other LLCs that were supposed to own properties other than the properties the Instant Defendants allegedly own. New York law makes clear, "A membership interest in the limited liability company is personal property. A member has no interest in specific property of the limited liability company," NY Limit Liab Co § 601 (McKinney)—let alone an interest in an LLC with which no Plaintiff had any connection.

Clearly then, Plaintiffs' allegations of unjust enrichment and constructive trust—the only claims asserted against the Instant Defendants in the 3d Am. Comp.—would not survive a motion to dismiss and this should not be permitted to proceed.

IV. THE ACTIONS SHOULD NOT BE SEVERED BECAUSE DOING SO WOULD ONLY FACILITATE THE PLAINTIFFS' BAD FAITH ATTEMPT TO AVOID ARBITRATION AND PREJUDICE DEFENDANTS BY OPENING A NEW FRONT AGAINST THEM.

Plaintiffs assert, "All plaintiffs join in this motion for leave to amend except for Shimon Asulin, Clara Grossman, Irving Grossman, David Schonfeld, and Pnina Schonfeld." Plaintiffs' Brief, at 21. Read between the lines, the Plaintiffs concede that not even all the Plaintiffs could agree that moving to amend in a renewed attempt to litigate rather than proceed with arbitration was an appropriate decision. Now Plaintiffs ask the Court and the Defendants to countenance a two-front approach simply to accommodate the disagreement among the Plaintiffs.

As a matter of longstanding case law, "the Federal courts view severance as a "procedural device to be employed only in exceptional circumstances." *Wausau Bus. Ins. Co. v. Turner Const. Co*., No. 86017, 2001 WL 963943, at *1 (S.D.N.Y. Aug. 23, 2001); *William A. Gross Const. Assocs., Inc. v. Am. Manufacturers Mut. Ins. Co*., No. 07CIV10639(LAK)(AJP), 2009 WL 427280, at *17 (S.D.N.Y. Feb. 23, 2009); *Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078 NGG VMS, 2014 WL 123488, at *21 (E.D.N.Y. Jan. 10, 2014); *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc*., No. CV 12-1633 JMA AKT, 2015 WL 777248, at *9 (E.D.N.Y. Feb. 13, 2015), report and recommendation adopted, No. 12-CV-1633 JMA AKT, 2015 WL 1345814 (E.D.N.Y. Mar. 25, 2015).

A motion to sever hinges on the following factors:

(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. Severance requires the presence of only one of these conditions. Above all, the court must consider principles of fundamental fairness and judicial efficiency.

*Gusinski v. Genger*, No. 10 CIV 4506 SAS, 2010 WL 4877841, at *4 (S.D.N.Y. Nov. 30, 2010)(internal quotations omitted). None of these considerations favors Plaintiffs.

First, the claims unquestionably arise out of the same transaction or occurrence. Second, the claims present common questions of law and fact. Third, settlement of the claims or judicial economy would be hindered, because the Defendants would be forced to litigate in two forums, in this Court against the moving Plaintiffs and arbitration or state court against the abstaining Plaintiffs, and this Court would needlessly adjudicate the claims of half of the Plaintiffs. Thus, fourth, prejudice would ensue if severance were granted. And fifth, the same witnesses and documentary proof are required for the separate claims. Clearly then, severance will not promote fundamental fairness or judicial efficiency but rather hinder them. For which reasons, the Instant Defendants respectfully request that the Court deny Plaintiffs' application for severance.

## CONCLUSION

Based on the foregoing, the Herrick, Feinstein Papers, and all prior submissions and proceedings in this action, the Instant Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety.

Dated: January 27, 2020
      Chester, New York

COHEN, LABARBERA & LANDRIGAN, LLP

 /s/Thomas C. Landrigan_____
Thomas C. Landrigan, Esq.
99 Brookside Avenue
Chester, New York 10918
Tel.: 845-291-1900
Fax: 845-291-8601
Email: tlandrigan@cll-law.com
*Attorneys for Defendants 100 Jefferson Realty LLC, Gold Cliff LLC, Willtrout Realty LLC, and Stagg Studios LLC 1125-1133 Greene Ave LLC, 834 Metropolitan Avenue LLC, and 92 South 4th Street, LLC*

8