# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600, New York, New York 10165
(212) 697–6484, Fax (212) 697–7296

November 24, 2020

**Via ECF**
Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

Re: *Schonberg, et al. v. Strulovitch, et al.*, Case No. 17 Civ. 2161 (CBA) (RML)

Dear Judge Amon:

This firm represents most of the plaintiffs in the above-referenced action ("Plaintiffs").[1] We write in response to Defendants' November 17, 2020 letter proposing a stay of this action pending arbitration. Defendants' proposal of a stay arrives almost two years after Plaintiffs sought leave to amend the complaint, and when there is no claim before this Court to stay. Thus, Defendants' proposal for a stay manages to be both premature and tardy.

The proposal is premature for several related reasons. As noted, right now, there are no additional claims before the court that can be stayed. All of the claims asserted in this action have been either referred to arbitration or dismissed for lack of jurisdiction;[2] and the Court stayed the arbitrable claims. It therefore makes little sense to consider a stay when the usual criteria for staying an action pending arbitration (*e.g.*, factual overlap and preclusive effect) do not yet apply. In addition, the briefing on Plaintiffs' motion for leave to amend revealed that the parties dispute the scope of the parties' arbitration agreement and the Court's application of the arbitration agreement. Plaintiffs' proposed Third Amended Complaint asserts a number of claims that Plaintiffs believe are not arbitrable, while Defendants argue to the contrary. So, again, it makes little sense to stop everything now pending arbitration, when one of things that will be clarified by the Court on this motion to amend is which claims are to be subject to the pending arbitration. Likewise, only once the parties know which claims are before the Court – that is, which non-arbitrable claims the Court will allow Plaintiffs to assert in the Third Amended Complaint, if leave to amend is granted – can the parties brief, and the Court determine, whether a stay of those non-arbitrable claims pending arbitration is appropriate.[3]

---

[1] Bronstein, Gewirtz & Grossman LLC represents all of the plaintiffs in this action except five: Shimon Asulin, Clara Grossman, Irving Grossman, David Schonfeld, and Pnina Schonfeld.

[2] The securities fraud claim of some individual plaintiffs was dismissed on the merits.

[3] Under the proposed Third Amended Complaint, the non-arbitrable claims would far exceed the arbitrable claims. In addition, the non-arbitrable claims would involve plaintiffs and defendants who would not be referred to arbitration at all, including the "Schedule B Defendants." The Court previously denied a motion to stay the claims against the Schedule B Defendants pending arbitration.

      Defendants' proposal is also tardy. Plaintiffs first sought leave to file the proposed Third Amended Complaint in December of 2018, almost two years ago. Since then, Plaintiffs' request has been briefed three times: in pre-motion letters, in pre-motion memoranda and declarations, and in formal briefing papers. Oral argument was scheduled on the motion to amend, only to be delayed by the death of defendant Yechiel Oberlander ("Oberlander"). At no point during these proceedings did Defendants breathe a word about a stay pending arbitration. Only now, when the claims against Oberlander are to be dismissed and the motion for leave to amend is to be renewed, have Defendants spoken up to suggest that a stay pending arbitration is appropriate. They claim that they only now raise the issue of a stay because the parties are scheduled to meet with Rabbi Avrohom Rosenberg on November 30, 2020 regarding the possible appointment of an arbitrator. But this explanation does not justify Defendants' tardiness. On November 30, 2020, barring any COVID-related delays, the parties are scheduled to hold a preliminary meeting with Rabbi Rosenberg, who thereafter may *or may not* select an arbitrator for the parties' arbitrable claims. If Defendants believed that the motion for leave to amend should be stayed pending arbitration, they ought to have suggested it long ago. Nothing of import regarding the arbitration has occurred.

      Plaintiffs' motion for leave to amend has been fully briefed and is ready to be renewed. The logical approach is for the Court to determine that motion before the parties brief the question of a stay of this action pending arbitration. Once the motion for leave to amend is decided, the Court can assess the viable non-arbitrable claims in the amended pleading (if any) and whether they should be stayed pending the resolution of the claims referred to arbitration. This sequence will also allow the Court to evaluate the progress, if any, of the arbitration.

      Accordingly, Plaintiffs request that the claims against deceased defendant Oberlander be dismissed in accordance with Fed. R. Civ. P. 25, so that Plaintiffs may renew their motion for leave to amend the complaint. Pursuant to Rule 25(a)(1), because no motion for substitution of the decedent has been made by any party or by the decedent's successor or representative within 90 days after service of a statement noting the death, the claims against Oberlander must be dismissed. Plaintiffs also request that any motion for a stay pending arbitration be deferred until after the Court's determination of Plaintiffs' motion to amend.

                                      Respectfully yours,
                                      /s
                                      Yitzchak Eliezer Soloveichik

Cc: All parties (via ECF)